## In the Matter of the Estate of ELIZA A. MILLS, deceased.

### December 1, 1885.

Estates of Decedents—Order Extending Time to Present Claims. — *Held* that, on the facts of this case, the court below was justified in granting an application under Gen. St. 1878, *c.* 53, § 8, for a renewal of the commission, and an allowance of further time to a creditor in which to present his claim against the estate.

Same—"Good Cause"—Discretion of Court.—Whether "good cause" is shown for granting such applications is, to a certain extent, a matter addressed to the sound discretion of the court.

Appeal by Ellen M. Mills, one of the children and heirs-at-law of Eliza A. Mills, deceased, from an order of the district court for Mower county, *Farmer*, J., presiding, reversing, on *certiorari*, an order of the probate court which denied the application of one Allan Mollison for an extension of time for presenting claims against the decedent's estate.

*Johnson & Pierce*, for appellant, cited *Mass. Mut. Life Ins. Co.* v. *Elliot*, 24 Minn. 134.

*Lafayette French*, for respondent.

MITCHELL, J.   Appeal from an order of the district court, reversing

an order of the probate court denying an application of a creditor for the renewal of the commission, and the allowance of further time in which to present his claim against the estate of a deceased person. Gen. St. 1878, *c.* 53, § 8. Letters of administration on the estate of Eliza A. Mills were issued July 7, 1884, and the time for the presentation of claims by creditors was fixed at nine months from that date. On April 13, 1885, six days after the expiration of this time, and before the settlement of the final account of the administrator, Mollison made application to the probate court for a renewal of the commission and an extension of time in which to present his claim. In support of this application he presented his own affidavit, stating that he had a valid claim against the estate for over $2,000, (an itemized bill of particulars being made part of the affidavit;) that in the fall of 1884 he employed one French as his attorney to present the claim and to take charge of and collect the same, and to take exclusive management of it, and to appear for and represent him in its prosecution; that, relying upon the promise of his attorney to prepare and present the claim, he gave the matter no further attention, and did not know that it had not been presented, or that the time for doing so had expired, until April 11, 1885. He also presented the affidavit of his attorney fully corroborating his statement, and further stating that, owing to business engagements, the attorney had been unable to prepare and present the claim prior to February 18, 1885; that on that date he was taken ill, and had been confined to his house, and had been unable, with the exception of one day, to attend to any business from that date until after the time for presenting the claim had expired, and that this sickness was the reason why it was not prepared and presented. No counter-affidavits were offered.

The action of the probate court in refusing the application was brought before the district court by a writ of *certiorari*, and the latter court evidently assumed to hear, examine, and determine the matter *de novo* precisely as in case of an appeal. As no point is made that this is not correct practice, and as it is in harmony with the appellate jurisdiction of the district court in probate matters, we assume, without consideration, that the application was before that

court for the exercise of its judicial discretion, precisely as it was before the probate court in the first instance.

We think that the facts stated in the affidavits constituted "good cause" for renewing the commission, and justified the court in granting Mollison additional time in which to present his claim. It is not necessary, in order to come to this conclusion, to hold that either Mollison or French was fully exonerated from all laches. Like all similar applications it was to a certain extent addressed to the sound discretion of the court, and we do not think the same strictness should necessarily be followed as in case of an application for relief from a default in a civil action where the rights of the other party are directly involved. The sole object of limiting the time for presenting claims is to secure prompt settlement of estates. In this case there had been no order for the payment of debts or for the distribution of the estate, and there was no suggestion that the granting of this application would result in any material delay in settling the estate, or cause it any possible injury, unless it was the chance of having to pay the claim in case it was finally allowed. To refuse the creditor an opportunity to present his claim under these circumstances, when he was at most only guilty of an excusable oversight, would have been unnecessarily harsh. There was certainly no abuse of discretion in granting it. The case of *Mass. Mut. Life Ins. Co.* v. *Elliot,* 24 Minn. 134, is not analogous in its facts. In that case no action was taken by the creditor for two months after notice of the death of Elliot, not even as much as to ascertain what steps had been taken in the probate court. It must also be kept in mind that this court sits only for the purpose of reviewing alleged errors of law, and in a matter like the present, addressed largely to the sound discretion of the lower court, we could not reverse except for an abuse of this discretion.

Order affirmed.