In Equity.

WILLIAM C. HOLWAY

*vs.*

FRANK S. AMES and ALFRED K. AMES, Admrs.

Washington.    Opinion May 8, 1905.

*Decedent's Estate. Limitations. Equitable Relief. Culpable Neglect. R. S.*
*(1883), c. 87, § 19. (R. S., c. 89, § 21.)*

The relief in equity given by chap. 87, sec. 19, R. S. 1883, depends upon the following propositions:

1. The existence of a claim due the creditor enforcible by an action at law except for the special statute bar of limitations.

2. That there are undistributed assets of the estate.

3. That justice and equity require it.

4. That the creditor is not chargeable with culpable neglect in not seasonably prosecuting his claim.

The meaning of culpable neglect in the statute is negligence less than gross carelessness but more than failure to use ordinary care; it is a culpable want of watchfulness and diligence, the unreasonable inattention and inactivity of "creditors who slumber on their rights."

It is the policy of the law to insure the speedy administration and distribution of the estates of deceased persons.

Where a creditor had general knowledge of transactions conducted by the deceased as general manager of business in which he was interested, and had access to the books of the debtor from August to November before his action at law was barred, he will be held chargeable with culpable neglect in not prosecuting his claim against the estate within the time limited by statute, unless he has been misled by fraud, or has relied upon the agreement of the administrator.

In Equity. On appeal by plaintiff. Appeal dismissed. Bill dismissed. Decree below affirmed.

Bill in equity brought under the provisions of section 19 of chapter 87 of the Revised Statutes of 1883, now section 21 of chapter 89 of the Revised Statutes of 1903.

The case is sufficiently stated in the opinion.

*Louis C. Stearns and Pattangall & Smith,* for plaintiff.

*C. B. Donworth,* for defendants.

SITTING: WISWELL, C. J., EMERY, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.    This was an equity suit brought under the provisions of R. S. (1883), chap. 87, sec. 19, as follows: "If the Supreme Judicial Court, upon a bill in equity filed by a creditor whose claim has not been presented within the time limited by the preceding sections, is of opinion that justice and equity require it, and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited it may give him judgment for the amount of his claim against the estate of the deceased person, but such judgment shall not affect any payment or distribution made before the filing of such bill."

The case was heard by a single justice upon bill, answer, and proof, who, after consideration, ordered, adjudged and decreed that the bill be dismissed with costs, and it comes before the law court on appeal.

The right of the plaintiff to the relief sought depends upon the following propositions:—

"1.    The existence of a claim due him and enforceable by an action of law except for the special statute bar of limitations.

2.    There are undistributed assets of the estate.

3.    Justice and equity require it.

4.    He is not chargeable with culpable neglect in not seasonably prosecuting his claim."

It appears that the plaintiff and the defendants' intestate, John K. Ames, during the years 1882 to 1889 inclusive, were tenants in common, in different proportions, of timber lands on or near the Machias and St. Croix rivers, and that Ames acted generally as

managing owner; that with the knowledge and consent of the plaintiff he permitted parties from time to time to cut and haul into "Calais Waters," the St. Croix river and its tributaries, from the common property in townships numbers 37 and 43. Logs were also cut from the timber lands on the "Machias waters" which were divided each season between the owners. Stumpage for timber on the Calais waters was collected by Mr. Ames and the question involved in the first proposition is whether he accounted for and paid to the plaintiff his share. The plaintiff shows by undisputed evidence the sale by Mr. Ames of a considerable quantity of timber to various persons, and that the settlements therefor were made with him, the payments being by check and sometimes on drafts, but in a few instances the purchasers of the stumpage made payment in notes given directly to the several owners. These instances so far as shown did not account for the larger part of the amount of sales. The books of the plaintiff show receipts of some payments on account of the stumpage on Calais waters but not to an amount equal to his share. No books of the defendants' intestate are introduced which show the full transactions relative to the stumpage. The theory and contention of the defendants are that a division and payment were made from year to year as the transactions were closed, by payment in cash or notes.

On November 30, 1901, the defendants brought an action at law against the plaintiff for $45,383.71, and credits in their account annexed to the writ were given to the plaintiff for certain items of stumpage collected by the intestate. The plaintiff as defendant in the action at law filed an account in set-off and the action was referred to three referees, who, after various hearings commencing in August and ending in November, 1902, filed their report. It is admitted that the referees' report did not take into consideration the claim presented at the hearing in this cause.

John K. Ames, the intestate, died March 22, 1901, and the defendants were appointed administrators of his estate April 9, 1901, and gave notice of their appointment April 15, 1901, the last publication of the public notice being May 4th, 1901. The plaintiff has proved by competent evidence prima facie that but for the statutory bar he

has a valid claim against the estate of the intestate which became due October 1, 1896, then amounting to $3,090.

The meaning of "culpable neglect" in the statute referred to has been repeatedly interpreted by judicial decisions in this state and by authority of decided cases in Massachusetts under a similar statute. It is less than gross carelessness, but more than the failure to use ordinary care, it is a culpable want of watchfulness and diligence, the unreasonable inattention and inactivity of "creditors who slumber on their rights." It is the policy of the law to insure the speedy administration and distribution of estates of deceased persons. *Bennett* v. *Bennett*, 93 Maine, 241; *Purrington* v. *Dunning*, 11 Maine, 174; *Rutland* v. *Mendon*, 1 Pickering, 153; *Waltham Bank* v. *Wright*, 8 Allen, 121; *Jenny* v. *Wilcox*, 9 Allen, 245; *Wells* v. *Child*, 12 Allen, 333; *Sykes* v. *Meacham*, 103 Mass. 285. The plaintiff, in a general way, knew of the lumbering operations on the Calais waters at the times they occurred, but there is no evidence that he knew the amount of the stumpage. The defendants, in August, 1902, at the plaintiff's request agreed to go over the matter of the Calais stumpage and spent two or three days doing this and informed the plaintiff or his representative that they could not find the information requested. The plaintiff from August to November had access to all the regular books of the intestate, and his son came to the office of the defendants spending three or four days weekly for three weeks in the examination. In addition to the regular books the township book kept by Mr. Ames, and the scale bills were furnished for his inspection. There seems to have been no examination of checks and drafts made nor inquiries of Calais parties whose testimony was presented before the justice in this case. During the pendency of the hearing before the referees errors were discovered on both sides of the accounts and by mutual consent corrected. The defendants did not concede that the omission of stumpages in the plaintiff's account in set-off was an error but claimed that they thought the stumpages had been paid and did not admit any liability therefor. When the plaintiff on November 15, 1902, offered the account of the stumpages to the referees in the suit at law, the defendants objected and the account was excluded. Prior to that date the

time limited by statute had expired. The evidence does not show that the plaintiff was mislead by fraud, or that there was any agreement or understanding from which it might be inferred that the defendants would consent to an amendment of the plaintiff's account in set-off by including the claim in question. The evidence clearly justifies the finding of the justice "that several weeks before the special statute of limitation had expired the plaintiff was in posses-sion of all facts necessary to the institution of a suit at law or a bill for an accounting on account of these stumpages." The plaintiff had the same opportunity of securing information from the witnesses who have testified in this cause before the limitation of the action at law as now. There may be in this case an appearance of hardship in adhering to the judicial construction given to the statute, but it is less apparent when it is considered that the facts are not verified or modified by the testimony of those who had fullest knowledge of them, the defendants' intestate who is dead, and the plaintiff who is thereby disqualified as a witness. The plaintiff must be held chargeable with culpable neglect in not prosecuting his claim within the time limited by statute.

> *Bill dismissed with additional costs; appeal dismissed; decision of the sitting justice affirmed.*