SEIDEMANN, Administrator, Appellant, vs. KARSTAEDT, Respondent.

*November 9—December 4, 1906.*

*Executors and administrators: Extension of time for presentation of claims.*

Under sec. 3840, Stats. 1898 (providing, among other things, that for good cause shown and upon the notice therein prescribed the time originally limited for the presentation of claims against a decedent may be extended), where the facts alleged in a verified petition for an order extending the time for filing claims are not controverted, the county court may, in its discretion, make an order extending the time, although the allegations of the petition are not substantiated by proof other than petitioner's oath of verification.

APPEAL from an order and a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

After the death of the intestate the county court on June 28, 1905, made an order in the matter of the estate limiting the time for the presentation of claims against said estate to December 28, 1905. The petitioner did not present his claim within the time so limited. February 3, 1906, he presented to the county court his duly verified petition to the effect that he had a valid and legal claim against the estate evidenced by writing signed by the deceased January 1, 1902, and upon which the deceased had, during his lifetime, paid the interest to January 1, 1904, and upon which there was then due $1,500 and interest from said last-named date, and therein gave his reasons and excuses for failure to present his claim on or before December 28, 1905, and prayed that the time for presenting and filing claims against said estate be extended for three months beyond said last-named date. Upon reading and filing that petition the county court on February 7, 1906, made an order requiring the administrator of the estate and the widow of the deceased to "show cause upon said petition, the files and records of said cause and matter, and all proceedings had therein, before the county court" February 20, 1906, and ordered that copies of said order and petition be served upon said administrator and said widow at least ten days before said time of hearing; and they were so served accordingly. February 20, 1906, the administrator made and filed with the county court his verified answer to said petition and order to show cause, and, upon information and belief, said that since the death of the deceased the petitioner knew the exact condition of said estate and at all times knew that such proceedings were pending; that the time for creditors to present their claims had been limited and when the same expired, and that the petitioner did not use ordinary care and diligence in presenting his claim against said estate. After hearing the parties and evidence submitted and arguments of counsel and the court having taken the matter under advisement, on March 24, 1906, the county court con-

sidered and ordered that the time for creditors to present their claims against said estate be and the same was thereby extended for three months from December 28, 1905—the time previously limited; and it was therein and thereby further ordered that such claims so to be presented be filed and heard and adjusted by the county court on April 10, 1906. From that order the administrator duly appealed to the circuit court. Said matter having been brought on for hearing in the circuit court upon the records of the county court duly certified to the circuit court, and the cause having been submitted and heard on the records and papers of said county court herein specified solely—no further or other proofs having been introduced by either party,—and after arguments of counsel, the court being fully advised, it was ordered and adjudged by the circuit court that the said order of the county court extending the time for creditors to file their claims against said estate be and the same was thereby in all things affirmed, with costs taxed at $19.71, to be paid out of said estate. From that order and judgment the administrator appeals.

For the appellant there was a brief by *Voigt & Voigt,* and oral argument by *Edward Voigt.*

For the respondent the cause was submitted on the brief of *F. Vollrath.*

CASSODAY, C. J. The statute provides that "for good cause shown and upon such notice" as is therein prescribed, "and not later than sixty days after the expiration of the time" originally fixed for the presentation of claims, "such time may be extended" by the county court, "but not beyond two years from the date of the letters" of administration. Sec. 3840, Stats. 1898. Here the original time fixed for the presentation of claims was December 28, 1905, and the order extending such time was made less than sixty days thereafter. There is no claim that the petition was insufficient to

bring the case within the statute. It is conceded that if the facts therein alleged had been established by proofs, independently of the petition itself, then good cause would have been shown, within the meaning of the statute. The claim seems to be that such order to show cause based upon such verified petition was at most a mere notice of what the claimant proposed to prove upon the hearing. Counsel contend that, as the allegations of the petition were not substantiated by proof, there was nothing before the county court on which its order extending the time could be based. The statute makes no such requirement. The petition was verified, and so, of course, the facts therein alleged were supported by the oath of the petitioner. It was certainly competent for the administrator to admit the facts so alleged by demurrer or otherwise. In so far as the administrator failed to controvert such facts they were left supported by the oath of the petitioner. The evasive answer made did not wholly destroy the probative force of the verified petition. It certainly left the matter for the determination of the county court. Such determination was, to a certain extent, a matter addressed to the sound discretion of that court. Such has been the ruling under a similar statute in other jurisdictions. *In re Mills,* 34 Minn. 296, 25 N. W. 631; *State ex rel. Security T. Co. v. Probate Court,* 67 Minn. 51, 69 N. W. 609, 908; *Walker v. Lyman's Adm'r,* 6 Pick. 458. We perceive no abuse of discretion in the case at bar.

*By the Court.*—The order and judgment of the circuit court is affirmed.