courts of this state for a period of one year. Let judgment be entered accordingly.

---

## STATE ex rel. MARY JANE LUKES v. GEORGE T. WILLIAMS.[1]

September 19, 1913.

Nos. 18,236—(284).

**Claim against estate of decedent — filing after expiration of time.**

An application for leave to file a claim against an estate after the time for filing claims has expired rests largely in the discretion of the probate court. The applicant must present a claim of apparent merit, and good cause must be shown for opening the default and for relieving the applicant from the apparent neglect. On the record in this case the probate court might fairly find that relator had shown no sufficient cause for opening her default. The denial of the application was no abuse of discretion.

Mary Jane Lukes petitioned the probate court for Aitkin county for leave to file a claim against the estate of Nathan Tibbetts. The petition was denied for the reason that the time for filing claims had long since expired, and no reason appeared to the court why the petition should be granted. Petitioner obtained a writ of certiorari from the district court for Aitkin county to review the proceedings of the probate court and thereafter the writ was discharged. From the order, McClenahan, J., discharging the writ, relator appealed. Affirmed.

*F. W. Hall,* for appellant.
*Louis Hallum,* for respondent.

- HALLAM, J.
Relator made application to the probate court of Aitkin county for leave to file a claim against the estate of Nathan Tibbetts, deceased.

[1] Reported in 142 N. W. 945.

The application was made two and one-half months after the time for filing claims had expired. The probate court denied the application. Relator procured a writ of certiorari from the district court to review this decision. The district court after hearing discharged the writ. The record shows that deceased was the brother of relator. The claim was for 28 years alleged services as housekeeper, and it is alleged that nothing was ever paid except the sum of $25. Relator was familiar with the progress of the administration. Within the time fixed for filing claims she filed a claim for $3,114, consisting of a large number of items of money loaned by her to deceased, money paid out by her to others for deceased, and money collected for her by deceased. Hearing was had on this claim and the claim for the most part was allowed, all before the making of the application here in question. The only excuse stated in the moving papers presented to the probate court for failure to seasonably file the claim for services was the statement in the petition that petitioner employed an attorney to prepare and file it, and that, through misunderstanding between her and said attorney, the claim was not filed, and that she did not know that it had not been filed until after the expiration of the time for filing claims. No affidavit or evidence of the attorney is produced.

The order appealed from must be affirmed. The statute provides that the probate court may "in its discretion" and "for cause shown" receive and file a claim presented after the time for filing claims has expired. R. L. 1905, § 3729. We are disposed to be liberal in the construction of this statute, to the end that all persons making bona fide claims against an estate may have fair opportunity to be heard, but the matter must rest largely in the discretion of the probate court. This court will not interfere unless there has been a clear abuse of discretion. When the court is asked to exercise its discretion, the applicant must present a claim of apparent merit and good cause must be shown for opening the default and for relieving the applicant from apparent neglect as well. Gibson v. Brennan, 46 Minn. 92, 94, 48 N. W. 460. We are of the opinion that, on all the facts in this case, the probate court might fairly find that the relator had shown no sufficient cause for opening the default. There was

no abuse of discretion and the determination of the probate court should not be disturbed.

Order affirmed.