EDITH M. FARRINGTON, administratrix, *vs.* JOHN W. MILLER & another, executors, & others.

Plymouth.    November 20, 1916. — January 6, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Executor and Administrator. Limitations, Statute of. Equity Jurisdiction,* Suit for collection of claim barred by special statute of limitations. *Equity Pleading and Practice,* Appeal.

A master, to whom was referred a suit in equity under R. L. c. 141, § 10, by the administrator of a woman who had a just claim against the estate of a deceased person, her brother, which had not been prosecuted within the period of the special statute of limitations, found that the claim was for services rendered as housekeeper, caretaker, domestic and nurse, that the plaintiff's intestate had collapsed under the care of her brother, that she had lived only two years and eleven months after his death and that her history during that whole period was one of progressive sickness with nervous breakdown; that she presented her claim to the executors of her brother's will, one of whom was her son, within six months after their appointment, that they had paid her $500 on account and had told her that they would allow the whole bill but that it was for the court to decide, and that, after the expiration of the period of the special statute of limitations, they included the full amount of her claim in their accounts, the question as to the allowance of which still was pending in the Probate Court. From the foregoing facts, the master concluded that the failure to prosecute the claim within the statutory period was not due to culpable neglect and that justice and equity required its allowance. The heirs at law of the defendant's testator appealed. The evidence was not reported. *Held,* that the conclusions of the master were warranted by his findings of subsidiary facts, which were final in the absence of the evidence.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 23, 1910, by the administratrix of the estate of Jane Miller, late of Chicago in the State of Illinois, against the executors of the will of Thomas W. Pope, late of Brockton, seeking under R. L. c. 141, § 10, to enforce a claim for services rendered to Thomas W. Pope, which had not been prosecuted within the period of the special statute of limitations.

The heirs at law of Thomas W. Pope, alleging that one of the executors was a son of Jane Miller, asked leave to intervene as defendants and were permitted to do so.

The suit was referred to a master. Material facts found by him are stated in the opinion. Exceptions by the heirs at law of Thomas W. Pope to the master's report were heard by *Pierce,* J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree directing the defendant executors to pay to the plaintiff $3,960 with interest from the date of the filing of the bill with costs. The heirs at law of Thomas W. Pope appealed.

*W. C. Rice,* for the defendant heirs at law.

*A. F. Barker,* for the plaintiff.

DE COURCY, J. The plaintiff's intestate, Jane Miller, had a valid claim against the defendants as the executors of the will of her brother Thomas W. Pope, for her services as his housekeeper, caretaker, domestic and nurse. Mrs. Miller did not bring suit within the prescribed statutory period of two years; and the plaintiff, who succeeds to her rights, brought this bill in equity under R. L. c. 141, § 10, which reads as follows: "If the Supreme Judicial Court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding section, is of opinion that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of such bill."

Among the conclusions of fact found by the master are the following: That the plaintiff's intestate, Jane Miller, was a sick person during the whole period of two years after the defendants gave their bonds as executors, and was entirely unable to transact business of any sort during the last fifteen months of this period; that failure to bring suit on her claim within two years was not "culpable neglect" within the meaning of R. L. c. 141, § 10; that justice and equity require that the plaintiff should have judgment for $3,960; and that sufficient funds remain in the hands of the executors so that such judgment would not affect any payment or distribution made before the filing of this bill.

These conclusions are warranted by the subsidiary facts found by the master, which are final in the absence of the evidence. It would serve no useful purpose to recite these facts in detail. She had collapsed under her care of her brother, the defendant's testate; and from the time of his death in December, 1903, until her own decease in November, 1906, her history is one of progressive sickness, with nervous breakdown. Mrs. Miller presented her bill to the defendants (one of whom was her son) within six months after their appointment, and soon afterwards they paid her $500 on account. They told her they would allow the whole bill, but that it was for the court to decide. They took no action to determine whether it would be allowed until after the expiration of the special statute of limitations, — when they included it in their account to the Probate Court as paid. That account is still pending in the Probate Court.

As was said by Knowlton, J., in *Ewing* v. *King*, 169 Mass. 97, 102, "The statute is remedial, and it expressly provides that a judgment under it in favor of a plaintiff shall not affect any payment or distribution from the estate of the deceased person made before the filing of the bill. Its operation is not limited to cases where the failure to sue seasonably was due to such fraud, accident, or mistake as would be a ground for equitable relief if there were no statute." Under the special facts of this case as established by the master's report, we cannot say that his findings are clearly wrong, or that the conclusion of the single justice that the plaintiff is entitled to the benefit of the statute was not right. That the plaintiff's intestate was entitled to compensation for her faithful services was not questioned by her brother in his lifetime, nor disputed by the executors. She apparently relied upon their assurance that during her absence in the West they would attend to its allowance by the Probate Court without further action on her part. She and those representing her estate were in no way responsible for the delay of the defendants in calling up the account in court, or in the proceedings before the auditor. *McMahon* v. *Miller*, 192 Mass. 241. *Ryan* v. *Lyon*, 212 Mass. 416. See *Carroll's Case, ante*, 203.

The defendants' exceptions to the master's report were overruled rightly.

*Decree affirmed.*