HOWARD F. WRIGHT, INDIVIDUALLY AND AS ADMINISTRATOR (ESTATE OF NELLIE FOGG WRIGHT) *vs.* HOWARD F. WRIGHT ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 9th—decided February 5th, 1936.

Sidney S. Cassel, for the appellant (defendant Bohme).

S. Russell Mink, with whom was Frederick W. Beach, for the appellee (plaintiff).

HINMAN, J. On February 21st, 1934, the Court of Probate for the district of Bristol limited six months from that date for the presentation of claims against the estate of Wilfred E. Fogg, deceased, the limitation expiring on August 21st, 1934. On October 20th, 1934, the administration account was approved, distribution was ordered and the administrator distributed the assets excepting a portion of the cash. On November 13th, 1934, Louise Bohme filed, under § 4914 of the General Statutes, a petition that the Court of Probate limit a further time within which she might present a claim against the estate and the court, after hearing, found that the failure of the claimant to present her claim was through no fault of her own but because of illiteracy and incompetency and extended the time for presentation of claims against the estate for thirty days from December 10th, 1934. From this order Howard F. Wright individually and as administrator of another heir of the decedent appealed, on the ground that the claimant had failed to establish any right to an extension under the statute (§ 4914). The appellee in her answer to the reasons of appeal alleged, as she had in her petition, that her failure to present her claim within the time originally limited was through no fault of her own but because of her illiteracy and mental incompetence, because she was misled by the heirs into believing that her claim would be taken care of, because the heirs fraudulently represented to her that they would pay such claims as she had against the estate, and because she was un-

familiar with the requirement that claims must be presented within the time limited. The Superior Court concluded, in effect, that none of the causes so alleged had been established and sustained the appeal. The appeal to this court involves the question of the requirements, under the statute, for the granting of the extension of time therein provided for.

Formerly our statute (General Statutes, 1888, § 581) provided that any creditor who neglected to present a claim against a deceased person's estate within the time limited therefor by the order therein provided for should be debarred of his demand. There was no provision for suspension even during disability of the claimant, or when, otherwise, there was no one to present the claim. *Cone* v. *Dunham* (1890) 59 Conn. 145, 161, 20 Atl. 311. In 1899 (Public Acts, Chap. 224) there were inserted in this statute provisions in substance the same as now appear in § 4914 of the General Statutes that the Court of Probate "may, for cause shown upon hearing after public notice, limit a further time for the presentation of claims, not exceeding the period which it might have originally limited; and may, if any creditor, through no default of his own, shall have failed to present his claim within the time limited, for cause shown upon hearing after public notice, extend the time for such creditor to present his claim not more than thirty days beyond the period which it might have originally limited." The purpose of the statute as a whole remains, however, for "the security and benefit of . . . estates;" "to produce a speedy settlement of estates and the repose of titles derived under persons who are dead" (*Cone* v. *Dunham,* supra, p. 161) and "to ensure . . . that the executor shall know exactly what the claims are." *Roth* v. *Ravich,* 111 Conn. 649, 653, 151 Atl. 179. We have not hitherto had occasion to

discuss the provisions, above quoted, which are involved in this appeal.

A Rhode Island statute (General Laws, 1923, Chap. 365, § 3) provided that claims against the estate of a deceased person not filed within one year are barred, "provided, that a creditor who by reason of accident, mistake, or unforeseen cause," or "by reason of any other cause, has failed to file his claim, may at any time, before the distribution of the estate, petition the Probate Court for leave to file his claim," and the Probate Court, after notice and hearing, "may, in its discretion, grant leave to file such claim." It is said in *Tillinghast* v. *Iverson*, 50 R. I. 23, 25, 144 Atl. 673, that "This statute is comprehensive and broad in scope, but the discretion thus given is not without limitation. . . . As the character of the required reason is not defined by the statutes, the determination of the value of the reason is left in the first instance to the Probate Court." But the exercise of this discretion is reviewable on appeal (see also *State ex rel. Musgrave* v. *Probate Court,* 79 Minn. 257, 82 N. W. 631). It is indicated in the Rhode Island case (p. 26), and we consider the like to be true under our statute, that upon such an application the question is, not whether the claim should be allowed, but merely whether it should be permitted to be presented, in order that it may be determined upon its merits, in the orderly course of probate procedure. What is required to be shown for the purposes of the application for extension is a claim prima facie of sufficient apparent merit to justify its presentation so as to open its validity to subsequent inquiry and decision. "The applicant must present a claim of apparent merit." *State ex rel. Lukes* v. *Williams,* 123 Minn. 57, 58, 142 N. W. 945; 24 C. J. p. 367.

As to the further essential element that the exten-

sion must be "for cause shown," our statute resembles that of Vermont which provides that the Probate Court "may, for cause shown," allow a further time, and those of Minnesota and Wisconsin requiring a showing of "good cause." *Whitcomb* v. *Davenport's Estate,* 63 Vt. 656, 22 Atl. 723; *State ex rel. Lukes* v. *Williams,* supra; *In re Mills,* 34 Minn. 296, 25 N. W. 580; *Seidemann* v. *Karstaedt,* 130 Wis. 117, 109 N. W. 942. Our statute, however, imposes a further limitation that the failure of the creditor to present his claim within the time limited must be "through no default of his own." This serves to narrow somewhat the scope of causes which might avail to procure extension under a statute such as those above referred to in the cases above cited. It manifestly creates a wider disqualification than that in the Massachusetts, Maine and New Hampshire statutes which authorize relief to a claimant, if the court is of the opinion that justice and equity require it "and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time . . . limited." *Farrington* v. *Miller,* 225 Mass. 535, 114 N. E. 737; *Estabrook* v. *Moulton,* 223 Mass. 359, 111 N. E. 859; *Powers* v. *Holt,* 62 N. H. 625; *Webster* v. *Webster,* 58 N. H. 247; *Blunt* v. *McCoombs,* 110 Me. 211, 85 Atl. 748. The facts held, in the case last cited, to fall within the disqualification of culpable neglect, are somewhat analogous, in necessary effect, to those hereinafter stated as found by the trial court in the present instance. It is said (p. 220) that the plaintiffs "appear to have relied upon their own ability and the ability of their fellow creditors to work out their own indemnity. They were not trapped, misled or defrauded. Nothing but their own choice prevented them from commencing suit within the period of limitation." See also *Holway* v. *Ames,* 100 Me. 208, 60 Atl. 897.

It appears from the record, which includes all of the evidence introduced on the trial in the Superior Court, that the merits of the claim were fully tried, much evidence pertaining thereto being introduced by both parties without objection, and the finding includes many fàcts relevant thereto and a conclusion that the claimant failed to establish that the decedent was indebted to her. This exceeded the scope of the inquiry, in this respect, which we have indicated as contemplated upon such an application, but the departure becomes immaterial if conclusions sufficient to justify the judgment must be sustained. Further conclusions reached by the trial court would disentitle the appellant to relief either under our statute or under the cases we have cited which illustrate the effect accorded to statutes of other states similar to or even more liberal than ours. In order to prevail she must secure such corrections of the finding as would materially · affect and alter these conclusions.

Findings of fact which are supported by undisputed or conflicting evidence include the following: Pauline Bohme, a sister of Louise, entered the decedent's employ as housekeeper in 1902 and remained until her death in 1932. Louise came to this country from Poland and in 1911 was taken into the decedent's home. She has a mental age of from seven to twelve years, considering sixteen years of age as normal. She cannot read or write, wanders in her ideas and speech, and is at times unresponsive, but has always had a clear and pronounced idea of her own desires and a persistency in securing them. For many years she helped her sister about the house, did some outside work and for four years worked more or less in a factory. She assisted in nursing Mrs. Fogg and, later, Mr. Fogg, and after the death of Pauline did more work inside the house, such as cooking and general

housework. In December, 1933, Mr. Fogg was taken to a hospital, where he died February 8th, 1934. While at the hospital he sent for his brother, Nicholas Fogg, and Louise Bohme and made them understand his desire that after his death Nicholas should care for Louise. Nicholas promised his brother that he would carry out this desire and has been willing to do so and has done so. He communicated this promise to other heirs of the decedent and they offered to share the burden that he had assumed. During the settlement of the estate Louise remained at the Fogg home and the administrator, with the approval of the heirs, paid bills for her support and small sums were paid to her by Nicholas Fogg.

During the time originally limited for presentation of claims, Louise consulted with friends and several attorneys and sought advice relative to presenting a claim against the estate, but she instructed her attorney not to present a claim, stating to him that she preferred to rely upon the promise made by Nicholas Fogg to his brother. The court finds, further, that she knew and understood that it was necessary that she present any claim on or before August 21st, 1934, and that if she failed to do so the claim would be barred. About October 17th, 1934, the heirs decided to close the Fogg house and arrangements were made for Louise to board elsewhere and for payment of her board, which was thereafter made by the administrator. About November 1st Nicholas Fogg left for Florida, having given instructions to the administrator to take care of Louise at his discretion from funds in his hands. Between October 24th and November 15th, 1934, Louise requested additional money and made other requests which the administrator took under advisement. Because Nicholas Fogg did not take her to Florida and because her demands for additional money

were not met, she changed her mind about presenting a claim against the estate, procured the bringing of this petition and filed a claim for $50,000 for services rendered to the decedent and money entrusted to him during his lifetime.

These facts and others as to minor details which must remain in the finding are sufficient to justify conclusions that her failure to present a claim within the limitation was not without default on her part; that neither the administrator nor any beneficiary misled, deceived or defrauded her or made any statements or promises to induce her to refrain from presenting a claim; that she understood her rights and duties relating to the presentation of a claim and that she refrained from presenting it because of no mistake, fraud or other inequity, but because she elected to accept the undertaking of Nicholas and the other heirs to provide for her care. It follows that not only was there no justification for the order appealed from, which was a general extension of time for presentation of claims, but also that no cause was shown which, under the statute, § 4914, would warrant the granting of an extension to this claimant.

There is no error.

In this opinion the other judges concurred.