IRVING G. RICHEY

vs.

THE FIRST NATIONAL BANK & TRUST CO., EXTR.

(Appeal from Probate)

Superior Court        New Haven County        File #47747

Present:   Hon. ALFRED C. BALDWIN, Judge.

Watrous, Hewitt,
    Gumbart & Corbin,          Attorneys for the Appellant.

Slade, Slade & Slade,          Attorneys for the Appellee.

BALDWIN, J. Samuel Z. Field died February 19, 1934. Appellant was the owner of a note made by the deceased under date of May 1, 1918, payable on or before May 1, 1938, with interest at the rate of 5 per cent per annum, pay-able semi-annually on the first days of May and November. It included also the following:

"if any of the payments of interest shall remain in arrears and unpaid for the period of fifteen days after the same shall fall due . . . the principal of this note shall immediately thereafter, at the option of the holder thereof, become due and payable on demand."

Payment of this note was secured by mortgage upon real estate located in New Haven.

Appellant learned of the death of the maker of this note within a day or two after his death.

March 7, 1934, the Probate Court limited six months for the presentation of claims against the estate which time expired September 7, 1934, and the executor gave the required notices of this limitation, none of which came to the attention of the appellant who failed to make presentation of his claim within the period limited.

November 27, 1934, appellant made application to the Pro-bate Court for an extension of time within which to present his claim under the provisions of **Section 4914 of the General Statutes,** which application the Court denied having found:

"After due hearing had . . . the applicant through his own default has failed to present his claim within the time limited by this Court and further finds that no sufficient cause has been shown for an extension of the time here-tofore limited."

The application to the Probate Court described the claim. It would appear that the claim is one of apparent merit, which is a condition necessary to be shown.

**Wright vs. Wright, 121 Conn. 115, 118.**

The section of the statute conferring authority upon the Probate Court to extend the time for the presentation of claims **(Sec. 4914),** so far as relevant, provides:

"Such court may, . . . if any creditor, through no de-fault of his own, shall have failed to present his claim

within the time limited, for cause shown upon hearing after public notice, extend the time for such creditor to present his claim", etc.

The extension of time in this statute provided for is not for creditors generally who may have failed to present their claims; it is limited to such creditor, who, upon application and after hearing thereon, of which public notice shall have been given, shall show the Court that through no default of the applicant and for cause shown an extension of time should be granted.

The questions here which determine this matter are: Did this appellant, through no default of his own, fail to present his claim within the time limited by the Probate Court? And, has cause been shown for the extension provided for in the statute?

On April 23, 1934, appellant received from the executor of the Fields Estate a check for the interest due May 1, 1934. The interest next falling due was November 1, 1934, and it was payable on or before November 15, 1934, after which date, if not paid within that time, a right of action accrued. The claim had not accrued so that a right of action existed prior to November 16, 1934, although the time limited for presentation expired September 7, 1934.

While a right of action did not accrue within the time limited by the Probate Court for the presentation of claims, this was a presentable claim. Appellant having received the interest due May 1st, and not having a right of action on the note until the interest due November 1st had remained unpaid for a period of fifteen days after November 1st, did not know there was anything he should or could do to protect his rights until after that period of grace provided for in the note had expired, nor did he know that a presentable claim, based upon this mortgage note existed.

Upon failure of the executor to pay the interest falling due November 1st, and within the period of grace, he interviewed the executor and then learned of the limitation of time and its expiration and thereupon promptly applied to the Probate Court for an extension.

We have here an honest mistake by this appellant—the mistake relating to the presentability of the claim based upon the note, the interest upon which had been paid up to a date

subsequent to the expiration of the time limited for presenta-tion of claims and no right of action existing or accruing thereon within such limited time because of such payment of interest, and the further lack of knowledge of the time limited by the Probate Court. These circumstances are some-what peculiar. They do not appear to me to be such as are required to constitute a default within the intention of the statute. They appear to me to be such as would lead the layman to regard the situation as did the appellant.

If he is to be deprived of the right to present his claim, under these circumstances, a harsh and unconscionable result would very likely follow—a result which, under these circum-stances, I do not believe the legislature intended should con-stitute a default.

The case of **Wright vs. Wright, 121 Conn. 115,** presents an entirely different situation and is not decisive of the instant case.

The appellant is entitled to an extension of thirty days time for the presentation of his claim.

While I hold that the appellant was entitled to an extension of time upon his application under the provisions of the statute referred to, I call attention to a further provision of this same statute of which the following is a copy:

"but, when a right of action shall accrue after the time limited for the presentation of claims, it shall be exhibited within four months after such right of action shall accrue and shall be paid out of the estate remaining after the payment of debts exhibited within the time limited."

The file in this appeal did not include a copy of the appli-cation to the Probate Court upon which its order denying the application was based. Upon the request of the Court a copy has been filed by counsel. This application described the claim and its presentation to the Probate Court on November 27, 1934, was an adequate presentation, it would seem under the provision of the statute last quoted, since a right of action did not accrue until after the time limited had expired.

Judgment may be entered in accord herewith extending the time for thirty days from date of judgment within which time appellant may present his claim.