## ANNE DuPONT PEYTON
*vs.*
## HENRY H. WERHANE, ET AL., EXTRS.

Superior Court          Fairfield County          File No. 54343

MEMORANDUM FILED MARCH 10, 1939.

*Marsh, Stoddard & Day,* of Bridgeport, for the Plaintiff.

*Cummings & Lockwood,* of Stamford, for the Defendants.

FOSTER, J.  The plaintiff sets forth in her complaint:

1.  That she is the widow of William C. Peyton, deceased, who died a resident of and domiciled in Greenwich, in this state, on April 4, 1936.

2.  That the decedent left a last will and testament, wherein the defendants are named as executors, and that such will was duly admitted to probate in the Probate Court for the District of Greenwich, and that the defendants purported to be the duly appointed, qualified and acting executors of such will.

3.  That on December 17, 1936, the plaintiff filed with the probate court a written application to extend the time within which she might be permitted to present her claim as a creditor against such estate.

4.  That such application was duly heard and granted by the probate court, the time for presentation of such claim being fixed as May 25, 1937.

5.  That on May 24, 1937, the plaintiff filed her claim against such estate (a) in the amount of not less than $287,455.39 and not more than $572,455.39 with interest thereon; and (b) also for the sum of $4,470.40.

6.  That thereafter the defendants herein appealed from such order and decree of the Probate Court for the District of Greenwich extending the time for the presentation of the plaintiff's claim to this court, which appeal was returnable on the first Tuesday of November, 1937, and is now pending in this court.

7. That the claim of the plaintiff (a) against such estate was based on a series of loans of money made by the plaintiff to the decedent or money advanced for his account over a period of years against which her husband, from time to time, made various repayments on account; that the exact aggregate amounts of such loans and advances and of sums paid to the plaintiff in partial repayment thereof are not known to the plaintiff and cannot be accurately stated or ascertained by the plaintiff, for the reason that much of the original data evidencing such loans and repayments were in the possession of the decedent at the time of his decease and are now in the possession of the defendants.

8. That the plaintiff, during a large part of the period covered by such loans and advances, maintained several deposit accounts subject to check at various banks, two of which, consisting of substantial amounts, were joint accounts with her husband; that is to say, although the funds represented thereby belonged to her, the two accounts were subject to withdrawal upon her own check or that of her husband.

9. That the written data above mentioned as evidencing such loans and repayments made on account thereof consisted of books of account, check books, cancelled checks, correspondence, memoranda and other records of the plaintiff and of the decedent, and that such records will disclose the transactions between the plaintiff and the decedent and the state of the account between them and the balance due the plaintiff from the estate of the decedent, and that such records will be material and admissible evidence of the character and extent of the transactions between the plaintiff and the decedent and of the existence of a balance of indebtedness due from the decedent to the plaintiff for a sum in excess of the minimum amount set forth in her claim as filed.

10. That a discovery and examination of such records will disclose material evidence in support of her claim and of the allegations of her application to the probate court for an extension of the time for the presentation of such claim and of her defense to the appeal from the order of such probate court.

11. That the power of this court to order disclosure of material documentary evidence under its rules is or may be limited, so that such procedure may not be available to her as respondent in the appeal from the order of the probate court to this court.

The defendants have filed their answer consisting, in effect, of admissions and denials of allegations of the complaint. With their answer, the defendants file a cross complaint setting forth:

1. That the plaintiff and the decedent maintained joint checking accounts with the Chase National Bank of the City of New York, the Equitable Trust Company of New York, and the Chemical Bank and Trust Company of New York, and that the plaintiff had her own checking account with the Guaranty Trust Company of New York and the Corn Exchange Bank Trust Company of New York.

2. That on April 4, 1936, the balance on deposit in the joint checking account in the Chemical Bank and Trust Company of New York was $470,745.83, and on said date the balance on deposit in the joint checking account in the Chase National Bank of the City of New York was $46,549.30.

3. That upon the decease of her husband, the plaintiff, as the survivor, made claim to the balance due in the two joint checking accounts, and that thereupon the defendants, as executors of the last will and testament of the decedent, allowed said claim and consented to the transfer to the plaintiff of such balances.

4. That the check books, cancelled checks and records of the joint checking accounts in the Equitable Trust Company of New York, Chase National Bank of the City of New York and Chemical Bank and Trust Company of New York and of the individual accounts of the plaintiff in the Guaranty Trust Company of New York and the Corn Exchange Bank Trust Company of New York City will disclose the transactions between the plaintiff and the decedent and will reveal and disclose what payments were made by the decedent during his lifetime to the plaintiff for or on account of any indebtedness from him to the plaintiff, and that such check books, cancelled checks and records will also disclose evidence as to whether or not the plaintiff is indebted to the estate and will be material and admissible evidence of the character and extent of the transactions between the plaintiff and the decedent and of the amount and extent of payments that were made by him to her during his lifetime.

5. That such check books, cancelled checks, records, memoranda and data will disclose material evidence in contradiction of the plaintiff's claim and in denial and contradiction of the

allegations of the plaintiff's application to the court of probate for the extension of time for the presentation of such claim.

6. That such records, check books and cancelled checks now are, and ever since the fourth day of September, 1936, have been in the possession and under the control of the plaintiff, her agents and attorneys.

The plaintiff claims a judgment and decree ordering the defendants, and each of them, to produce, at some suitable and convenient time and place, any and all books of account, check books, cancelled checks, correspondence, memoranda and other records of William C. Peyton, deceased, and of the defendants as executors of his will and of the plaintiff herein, which are in the possession or control of the defendants, or any of them, and which in any way pertain to any transactions between her and the decedent, for examination by the plaintiff or by her accountants on her behalf, and permitting the plaintiff or her accountants to copy such of said records as she or her attorneys may deem material to her said claim or to the issues upon said appeal from probate, and to mark the originals of such records for identification.

The defendants claim a judgment and decree ordering the plaintiff to produce, at some suitable and convenient time and place, the records, check books, cancelled checks and memoranda of the joint checking accounts in the Equitable Trust Company of New York, Chase National Bank of the City of New York and the Chemical Bank and Trust Company of New York and of the individual banking accounts of the plaintiff in the Guaranty Trust Company of New York and the Corn Exchange Bank Trust Company of New York City, together with any correspondence, memoranda or other documentary evidence which in any way pertains or refers to any transactions between the plaintiff and the decedent for examination by the defendants, or by their accountants on their behalf, with power to said defendants or their accountants to make copies of such records as they or their attorneys may deem material to the issues of the probate appeal and to mark the originals thereof for identification.

This is purely an action of discovery on the part of the plaintiff and on the part of the defendants, appealing to the equitable side of the court. We have statutes and rules of court relative to discovery, and the question that first suggests itself is whether such statutes and rules of court bar this

independent equitable action. Our statutes (Gen. Stat. [1930] §5635 *et seq.;* Practice Book [1934] §72 *et seq.*) do not, in terms, bar the institution of an action such as this. It may appear that the statutes and the rules of court provide adequate relief of the sort demanded by the plaintiff in her complaint and by the defendants in their cross complaint. Be this as it may, the plaintiff has chosen to institute this action and the defendants have chosen to file a cross complaint with their answer. The origin of this action is found far back in the English law, and its applicability is more evident where courts of law and courts of equity are separate and distinct, and also in states where there are no statutes or rules of court covering the question of discovery. Even where there are statutes and rules of court covering the matter of discovery, the greater weight of authority is to the effect that such statutes and rules do not abrogate this action except where there may be a statute specifically barring the action.

"Notwithstanding these great changes, made by statutes, which seem to remove the very foundation for any interposition by equity, it has generally been held that the legislature has not abridged nor affected the auxiliary equitable jurisdiction to entertain suits for mere discovery of evidence and production of documents, and that such equitable jurisdiction still exists, where not expressly abolished by the statutes. This conclusion, however, is not universal." 1 Pomeroy, Equity Juris (4th ed. 1918) §193, p. 269.

"Statutes authorizing the examination of parties in actions at law are generally held not to deprive courts of equity of any of their original jurisdiction as to bills of discovery, but merely to provide a cumulative remedy, and some statutes specially provide that the remedy by a bill of discovery shall in no way be affected thereby." 18 C.J. Discovery §7.

To oust a court of equity of its jurisdiction on the ground of remedy at law, that remedy must be obvious, adequate and complete. *Hartford vs. Chipman,* 21 Conn. 488.

We therefore start with the conclusion that the present action lies and has not been abrogated by statute or rule of court.

In the filing of claims against an estate in probate, our statutes provide a time within which such claims must be filed. If a claim is not filed within the time limited by statute and by the

probate court, our law provides that under certain specific circumstances the probate court may, upon application of a party, extend the time of that party for filing a claim. In this case the plaintiff secured by proper application an order of the probate court to file a claim against the estate of her deceased husband after the time limit had expired. From such order of the probate court the defendants have appealed to this court and such appeal is now here pending. The order of the probate court from which the appeal has been taken is not that the claim of this plaintiff be allowed, but that such claim may be filed and considered. One of the necessary requirements of a claimant, before being permitted to file such a claim, is that the claim is "prima facie of sufficient apparent merit to justify its presentation so as to open its validity to subsequent inquiry and decision." *Wright vs. Wright,* 121 Conn. 115, 118. It follows that this claimant, in order to be permitted to file her claim and to have it considered, must show that *prima facie* it is of sufficient apparent merit to justify its presentation for subsequent inquiry and decision. The plaintiff claims that in order to do this she requires access by her agents and attorneys to books, papers and documents in the possession of the defendants. The plaintiff resides in Connecticut: the defendants reside in New York State and have the books, papers and documents in New York State. In this case the plaintiff has offered testimony of a certified public accountant that the statement of the plaintiff's claim is thus far as accurate as possible to be made from the documents in possession of the plaintiff, but that it is not complete; that it cannot be made complete, accurate and exact without an inspection of the documents, a discovery of which is demanded.

It therefore follows that a discovery of these documents is necessary for a proper presentation and proof that the claim which the plaintiff desires to present against the estate is of sufficient apparent merit to justify its presentation, which fact is a necessary factor in the decision of the court as to whether or not the plaintiff shall be permitted to file her claim. Our Supreme Court has held that "to support a bill for a discovery, it must be shown that the plaintiff has not sufficient evidence without it." *The Norwich & Worcester Railroad Co. vs. Storey,* 17 Conn. 364. It may well be that the plaintiff has not sufficient evidence to maintain her position upon the pending appeal, unless she secures the discovery demanded in this action.

The defendants in their cross complaint, in effect, make the

same demands upon the plaintiff which she makes upon them. It would obviously be inequitable to grant the prayers for relief of the plaintiff and deny to the defendants the same relief relative to practically the same subject matter.

The issues upon the complaint are found in favor of the plaintiff, and her prayer for relief is granted.

The issues on the cross complaint are found in favor of the defendants, and their prayer for relief is granted.

Counsel for plaintiff and defendants may prepare an appropriate form of judgment and present the same to the court for consideration.