ANNE DUPONT PEYTON *v.* HENRY H. WERHANE ET ALS., EXECUTORS AND TRUSTEES (WILL OF WILLIAM C. PEYTON).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 4—decided February 23, 1940.

*Raymond E. Hackett,* with whom, on the brief, was *Walter N. Maguire,* for the appellants (defendants).

*Philo C. Calhoun,* with whom, on the brief, was
*Arthur M. Marsh,* for the appellee (plaintiff).

AVERY, J. This is an action of discovery on the part
of the plaintiff to which the defendants filed an answer
and cross-complaint also asking a discovery. After
hearing, the court entered judgment in favor of the
plaintiff on the complaint and the defendants upon
the cross-complaint, directing a discovery by both
parties, and the defendants have appealed. From the
finding these facts appear: The plaintiff is the widow
of William C. Peyton, deceased, who died on April 4,
1936, a resident of Greenwich, leaving a will, of which
the defendants were named executors, which was ad-
mitted to probate in the Court of Probate for the
district of Greenwich on April 13, 1936, and the de-
fendants qualified as executors and are so acting. On
April 25, 1936, the Court of Probate entered an order
limiting the time for the presentation of claims against
the estate to six months from April 25, 1936. This
period expired October 25, 1936. On December 17th
of that year, the plaintiff, claiming to be a creditor,
filed with the Court of Probate a written application
to extend the time within which she might be per-
mitted to present her claim, and on January 6, 1937,
she filed an amendment to the application. Her ap-
plication was heard and granted by the Court of Pro-
bate, and the time for presentation of the claim was
extended to and including May 25, 1937. On May 24,
1937, she filed her claim against the estate (a) in the
amount of not less than $287,455.30, and not more
than $572,455.39, with interest thereon, and (b) also
for the sum of $4470.40. Thereafter, the defendants
appealed to the Superior Court from the order of the
Court of Probate extending the time for the presenta-

tion of the plaintiff's claim. The appeal to the Superior Court is now pending therein.

While married to the decedent, the plaintiff enjoyed a substantial income and maintained several deposit accounts subject to check at various banks in New York City. Among these were three joint checking accounts wherein the funds were subject to withdrawal upon the check of either the plaintiff or her husband. During the period from 1917 until the death of Mr. Peyton, these joint accounts were used for transactions between the plaintiff and her husband and otherwise, and substantial deposits and withdrawals were made in all of them. The purposes of many of the withdrawals and deposits cannot, upon the information now available to the plaintiff, be accurately identified. The substance of the plaintiff's claim against the estate of her husband is that since 1917 she had made many loans to him evidenced either by check signed by her and payable to his order or to the order of payees named by him, or evidenced by direct withdrawals by her husband from these accounts by checks signed by him from time to time, and that during the period from 1917 until his death he made various repayments by deposits to these accounts. At the time of her husband's death, certain cancelled checks and checkbook stubs for the joint accounts, as well as for accounts maintained by the plaintiff individually, were stored in an office maintained by the decedent in New York City. At the plaintiff's request, these were delivered to her son on September 4, 1936, together with papers, documents, checks and vouchers in her possession relating to her financial transactions with her husband, and were all delivered by her son to a firm of certified public accountants in order that they might prepare her claim against her husband's estate. This material was not a complete record of the trans-

actions with respect to the bank accounts up to the death of William C. Peyton, nor were the notations of deposits and withdrawals in many instances sufficiently specific so that they could be accurately identified as loans from the plaintiff to her husband or as deposits by him as a partial repayment of a loan or loans. The claim of the plaintiff as filed was incomplete.

The trial court has further found that the claim of the plaintiff as to the character and extent of transactions between herself and her husband would be substantially fortified if, by means of the business records of her husband, it could be proved that moneys paid by her husband or his nominees and evidenced by checks, in fact constituted loans by the plaintiff to her husband, and that moneys paid by him to her or into the joint accounts or otherwise were paid with the intention of reimbursing her in part for her loans, and if thereby the extent of the transactions could be accurately established; and the trial court also found that all of the business books and records of William C. Peyton were in the hands of the defendants or some of them and were of a character which might be expected to supply information as to the nature and extent of the transactions between the plaintiff and her husband so that an accounting of the transactions would be more complete, accurate and provable than is possible from the material now available to the plaintiff, whose only claim is for loans and advances made to the decedent during his lifetime from or out of the three joint accounts.

The question occurs at the outset, whether under our statutes and rules of court providing for discovery, General Statutes, Cum. Sup. 1935, § 1659c, Practice Book, §§ 72 to 82, an independent action such as this, based upon the jurisdiction formerly exerted by courts

of equity, can now be maintained. The weight of authority appears to be that where there are statutes and rules of court covering the matter of discovery, the effect of such statutory provisions and rules is not to abrogate an action of this character unless the statute specifically bars it. "A court of equity does not lose its jurisdiction to entertain a bill for the discovery of evidence or to enjoin the trial at law until obtained, because the powers of the courts of law have been enlarged so as to make the equitable remedy unnecessary in some circumstances." *Carpenter* v. *Winn*, 221 U. S. 533, 539, 31 Sup. Ct. 683, 685; *Miller* v. *United States Casualty Co.*, 61 N. J. Eq. 110, 117, 47 Atl. 509, 512; 1 Pomeroy's Equity Jurisprudence (4th Ed.) 269, § 193; 18 C. J. 1062. Moreover, our rules of court, Practice Book, § 81, provide: "Disclosures made in answer to complaints in the nature of bills of discovery in equity may be made either by sworn answers or before a committee, as the court may determine." Indeed, both parties appear to concede the propriety of an independent action for discovery under such circumstances as appear in this finding. The contentions made by the defendants upon this appeal are comparatively narrow and are these: (1) that the plaintiff has within her own possession sufficient evidence to satisfy the requirements necessary to justify the action of the Court of Probate in extending her time to file her claim; and (2) that she is seeking discovery for the purpose of ascertaining the defendants' evidence. The defendants incidentally made the claim (3) that the decree in this case violated the rule of privilege as to confidential communications between attorney and client, and (4) that certain rulings of the trial court in excluding questions upon the cross-examination of the plaintiff and certain of her witnesses were erroneous.

The first claim of the defendants is met by the finding of the court to the effect that the evidence is necessary to the plaintiff in her effort to sustain the action of the Court of Probate in extending her time to file the claim. This finding is supported by evidence and is not susceptible of any correction by which the position of the appellants will be advantaged. For example, the written statement of the accountant who examined the books and papers available to the plaintiff lists many checks drawn to the order of Mr. Peyton and deposited to his account; but this fact might fall far short of even a prima facie showing that these checks represented money loaned by Mrs. Peyton to him. Upon the probate appeal, one of the principal issues is whether or not Mrs. Peyton has "a claim prima facie of sufficient apparent merit to justify its presentation so as to open its validity to subsequent inquiry and decision." *Wright* v. *Wright,* 121 Conn. 115, 118, 183 Atl. 410. It requires no argument that the more definite and certain a claim is shown to be the greater is its apparent merit. The claim of the plaintiff as presented is indefinite as to amount, there being a difference of nearly $300,000 between the maximum and minimum. The finding indicates that information in defendants' hands regarding deposits and withdrawals from the joint accounts will assist in showing which of them were loans or repayments of loans. This information, supplementing that already in the plaintiff's hands, might well furnish means of identifying the items and thereby ascertaining the amount of the unpaid balance, and rendering the claim definite as to amount.

The power to enforce discovery is one of the original and inherent powers of a court of equity. "According to the general principles and practices of the equity courts, a bill of discovery may be filed for the discovery

of facts in the knowledge of an adverse party or deeds or writings or other things in his custody and power, and it is usually employed to enable a party to prosecute or defend an action. Thus, there is a distinction between the bill of 'discovery and relief' and what is technically considered 'a pure bill of discovery.' The latter is to obtain evidence to be used in some suit other than that in which discovery is sought. Pure bills of discovery are favored in equity and are sustained in all cases, unless some well-founded objection exists against the exercise of the court's jurisdiction." 17 Am. Jur. 3; *Middletown Bank* v. *Russ,* 3 Conn. 135, 139; *Skinner* v. *Judson,* 8 Conn. 528, 533; *Hoyt* v. *Smith,* 23 Conn. 177, 186. "The plaintiff's right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action. It does not enable him to pry into the defendant's case, or find out the evidence by which that case will be supported." *Downie* v. *Nettleton,* 61 Conn. 593, 596, 24 Atl. 977.

Tested by these principles, it is apparent from the finding that an examination of the documents sought is required by the plaintiff definitely to establish her right to an extension of time to file her claim and is not a mere fishing expedition to ascertain the evidence of the defendants. The order for the discovery of the documents did not go beyond what the trial court might reasonably find to be necessary for the plaintiff.

It appears from the finding that the defendant Robert E. Coulson was attorney for William C. Peyton for many years and until the death of the latter. He is also one of the executors of his will. The judgment as drawn is broad enough to require the defendant Coulson and the law firm of which he was a member to deliver for the inspection of the plaintiff letters and

communications which are privileged as confidential communications between attorney and client. The general rule of the common law is well settled that an attorney may not disclose matters communicated to him by his client under the confidence arising from the professional relation, in an action brought against his client's estate by a third party. *Panell* v. *Rosa*, 228 Mass. 594, 596, 118 N. E. 225, 226. The documents in the possession of Coulson may be in any one of three categories: (1) Documents which have come into his possession in his capacity as executor. As to such documents, no privilege exists. (2) Documents coming into his possession while the relationship of attorney and client existed between him and the deceased, but which are not incident to the confidential relationship existing between them. As to such documents, the privilege of the attorney is no greater than would have been the privilege of the client; if Mr. Peyton could have been required to produce them the attorney equally is required to do so. *Allen* v. *Hartford Life Ins. Co.*, 72 Conn. 693, 696, 45 Atl. 955; *Pulford's Appeal*, 48 Conn. 247, 249; *Jones* v. *Reilly*, 174 N. Y. 97, 106, 66 N. E. 649, 651; 5 Wigmore, Evidence (2d Ed.) § 2307; 3 Jones, Evidence (4th Ed.) § 750. (3) A third class of documents might be in themselves confidential communications between the deceased and his attorney while the relationship of attorney and client existed or documents coming to the attorney as an incident to the confidential relationship existing between them. Such communications are privileged and their production cannot be compelled from the attorney after the decease of the client. 5 Wigmore, supra, § 2323. Inasmuch as the judgment as drawn is broad enough to include communications between the deceased and his attorney of the latter class, it is to that extent erroneous.

The rulings upon evidence do not require extended discussion. It is unnecessary to consider the correctness of the ruling admitting the question asked of the accountant, Lasser, as no exception appears to have been taken thereto. The question asked of the witness Coulson was properly ruled out as hearsay. Rulings excluding several questions asked of Mrs. Peyton are stated in a single paragraph of the finding contrary to proper practice, nor does the finding sufficiently state the situation with reference to the rulings upon them fairly to present any claim of error with reference to them; examination of the evidence printed in connection with the assignments of error in the finding indicates that most of them were excluded upon the ground that they were relevant only to the question whether the failure of the plaintiff to present her claim within the time allowed was without fault on her part, and were properly held irrelevant to the issues before the court in this case. We find no harmful error in any of these rulings.

There is error in the form of the judgment only, and the cause is remanded to the Superior Court with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.