## J. EDWARD CLYNE, ADMR. C.T.A.
## APPEAL FROM PROBATE,
## ESTATE OF MARGARET I. WEBB

Superior Court          New Haven County          File No. 64725

MEMORANDUM FILED JUNE 26, 1944.

*John V. O'Brien,* of New Haven, for the Appellant.

*Bernard Pellegrino,* of New Haven, for the Appellee.

SHEA, J.   On April 1, 1943, J. Edward Clyne was duly appointed and qualified as administrator *c.t.a.* of the estate of Margaret I. Webb, late of New Haven, and the Probate Court for the District of New Haven limited six months from the date of that appointment for the presentation of claims against said estate.

On March 24, 1943, a representative of the appellee called upon Mr. Clyne, who was then a patient at St. Raphael's Hospital, in order to ascertain whether or not Mr. Clyne was the administrator of the Webb estate.   Mr. Clyne stated that he was the administrator of the estate and on the following day the appellee presented a claim in writing to Mr. Clyne, who failed to acknowledge the claim.   On July 21, 1943, and again on August 6, 1943, the appellee wrote to Mr. Clyne seeking information concerning the developments in the administration of the estate.   These letters were not acknowledged and the appellee consulted counsel.   On September 9, 1943, the

appellee's attorney presented in writing to the administrator of the estate the same claim on behalf of the appellee. While there may be some question as to whether or not the claim had ever been properly presented to the administrator prior to this date, this last presentation made on behalf of the appellee by his attorney was a proper presentation of claim and complied with all the provisions of the law. The form of the writing is of little importance so long as it furnishes information to the administrator of the extent of the demand and the char-acter of the transaction out of which it grew. *Roth vs. Ravich,* 111 Conn. 649, 654. It is apparent that this last writing put the administrator in possession of full information in writing.

When the administrator of the estate or his attorney failed to communicate with the appellee or its counsel, about the claim, the appellee filed its application with the Probate Court for the District of New Haven requesting the court to limit a further time within which it might present its claim against said estate. In its application the appellee alleged a desire to file an amended claim in order to eliminate any technical defect that may have existed at the time its claim was origin-ally presented and filed. Subsequently, on November 29, 1943, the Probate Court for the District of New Haven entered an order "that the time limited within which to present claims against said estate be and the same is hereby extended to November 30th, 1943 at 2 P.M." The appellant claims to be aggrieved by this order.

Section 4914 of the General Statutes, Revision of 1930, provides the manner for, and the circumstances under which the time limited for the presentation of claims may be extended. Under this statute the extension must be "for cause shown." The statute imposes a further limitation, viz., that the failure of the creditor to present his claim within the time limited must be "through no default of his own."

In the present case the appellee failed to present any evi-dence to warrant the granting of an extension of time to this claimant. The appellee understood its rights and duties re-lating to the presentation of a claim and complied with the requirements of the law in presenting its claim through the letter (Plaintiff's Exhibit C) written by Attorney Pellegrino to the administrator, under date of September 9th. The ap-pellee has failed to furnish any evidence in support of his

alleged desire to file an amended claim. All of the evidence was but a confirmation of the nature and amount of the claim already presented.

The order appealed from was a general extension of time for presentation of claims. There was no justification for such an order. *Wright vs. Wright,* 121 Conn. 115, 121.

The appeal is sustained and the decree of the probate court from which this appeal is taken is hereby vacated.