HIATT, *Appellant,* v. WILLIAMS.

**Agreement between Father and Son for Conveyance in Consideration of Services and Support:** SPECIFIC PERFORMANCE. A father and son agreed together that if the son would remain with and support the father and his wife (the son's step-mother) during their lives and work the farm under the father's directions, the farm should at his death belong to the son. The son, on his part, carried out the agreement during a period of seventeen years and until both the father and step-mother were dead. The father, for the purpose of carrying out the agreement on his part, made and delivered to the son a will devising the farm to him. The will made no mention of the testator's other children, and for that reason was void. *Held,* that the son was entitled to have the agreement enforced against the other children. The failure of the attempt to carry it out by will could not be allowed to prejudice his rights.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*J. Halligan* and *T. W. B. Crews* for appellant.

NAPTON, J.—The object of this suit was to procure a specific performance of an agreement, after the death of the person with whom the agreement is alleged to have been made, upon the ground that the plaintiff had fully performed on his part. The plaintiff was the youngest son of Th. Hiatt, who had four children. In 1858, having provided for his other children, as he supposed; to each of his two daughters having given a share, and his son who went to California, some money, he agreed with plaintiff, his youngest son, that if he would remain upon the homestead and support his father and step-mother during their lives, and work the farm (180 acres) under the direction of

his father, he would convey in fee the homestead to the plaintiff, but not to take effect till he and his wife were dead. This arrangement was claimed and proved. In 1861, the father, with a view to carry out this purpose, which he was told could be best effected by a will, made a will devising this land to plaintiff. In the will, which was drawn up by defendant, Williams, who was a son-in-law of Hiatt, and a justice of the peace, no mention was made of his other children, and consequently, under our statute, it was a mere nullity. In 1866 this paper was delivered to plaintiff by his father, as answering the purposes of the two contracting parties. In 1870 the father died, and in 1873 the step-mother died, during which seventeen years the plaintiff lived on and worked the farm. These facts were stated in the petition and fully supported by the evidence. The circuit court, however, refused to enforce the contract, upon what ground and for what reasons does not appear. No brief has been filed on the part of the defendant in error, and we have been unable to conjecture upon what ground the decree dismissing this bill, was based. The case seems to be identical in principle with the case of *Sutton v. Hayden*, 62 Mo. 101, and *Gupton v. Gupton*, 47 Mo. 37, though much stronger in facts than either. The attempt to execute the contract by a will would surely not place the plaintiff in any worse condition than he was before. The will was merely introduced in evidence to support the contract, and it was certainly very strong evidence to show the intent of the father, who doubtless supposed that it would accomplish his purpose. A verbal agreement of this sort, in case of performance on one side, was enforced in the case of *Gupton v. Gupton*. That case is in effect identical with the present, though infinitely less persuasive in its facts, for here there was an actual service of seventeen years. The judgment of the circuit court will be reversed, and that court directed to enter a decree in conformity with this opinion. The other judges concur.