WASHINGTON L. EATON *vs.* FREDERICK C. LIBBEY & another, executors.

Hampden.      September 24, 1895. — February 25, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note — Consideration — Privilege of naming a Child.*

In 1872 W. L. promised to give a new-born child one hundred dollars if the parents would name the child after him. The parents assented, and W. L. gave a note payable to the order of W. L. E. for one hundred dollars, and delivered it to the mother. Fourteen years after he gave a new note, including interest, to the order of W. L. E., and also delivered it to the mother, upon which last note W. L. E., after reaching majority, brought an action against W. L.'s estate. *Held,* that there was a valid consideration for the note moving from the plaintiff.

CONTRACT, upon a promissory note, of which the following is a copy:

" $250.00.   Chicago, Nov. 2, 1886.   On demand after date, I promise to pay to the order of W. Libbey Eaton, Two Hundred and Fifty Dollars, at          with interest until paid.   Value received.   Washington Libbey."

The answer alleged that, if it should be proved that the " testator executed the note set forth in the plaintiff's declaration, then the same was without any consideration, but was made as a part performance of a contemplated gift, which gift was never completed, and that therefore said note is void."

Writ dated April 26, 1894.

At the trial in the Superior Court, without a jury, before *Maynard*, J., there was evidence tending to show that in 1872, when the question arose as to naming the plaintiff at the time of his birth, the testator, who was living in the family, said to the father and mother that, if they would name him " Washington Libbey," he would give the child one hundred dollars ; that the parents assented, and Libbey, instead of giving the one hundred dollars, wrote his note, payable to the order of the infant, Washington Libbey Eaton, for one hundred dollars, with interest, and delivered it to the plaintiff's mother; that this note remained with interest unpaid from 1872 until 1886, when Libbey said he would " like to fix that note," and the plaintiff's mother brought it to him ; that Libbey asked whether he should renew the note, or whether she, the mother. would rather have the money ; that she preferred a note, and thereupon the note in suit was written by Libbey, and delivered to the plaintiff's mother; that the note was never in the possession of the plaintiff until his mother gave it to him to take to the attorney for the purpose of bringing this suit; that he was not in the room when Libbey gave it, and had nothing to do with the matter, and thought that he never had any conversation with Libbey about it.　The defendants requested a ruling that there was no legal and sufficient consideration for the note, and that the plaintiff could not recover.　The judge refused so to rule, and found for the plaintiff in the sum of $371.50 ; and the defendants alleged exceptions.

*G. W. Anderson*, for the defendants.

*E. W. Chapin*, for the plaintiff.

BARKER, J.　The defendants concede that the privilege which was given to their testator of naming the plaintiff was a valid consideration for the testator's promise to the plaintiff's parents to pay him the sum of one hundred dollars, for which sum the testator then gave his promissory note, payable to the plaintiff. But they contend that the plaintiff was a stranger to the consideration, and that he could not recover upon that note, and that he cannot recover upon the note in suit, which the testator afterwards gave to the plaintiff in renewal of the original note.

We have no doubt that the privilege of naming a child is a valid consideration for a promise.　It was so held in *Wolford* v. *Powers*, 85 Ind. 294, 307.　See also *Parks* v. *Francis*, 50 Vt. 626.

Gifts to a child because of its name are common, and a change of name is often made the condition of a gift or bequest. In many jurisdictions the change of a name is regulated by statute.

If we assume that the right to name a child belongs to its parents, and ultimately to its father, the child cannot be said to have no interest in the name imposed. The consequences affect the child more than any one else. He is deprived of the advantage of receiving any other name, and is subjected to the possibility of detriment because he bears the name imposed.

Assuming that the privilege belongs to the parents, if they waive the right in favor of another, we think the child has an interest in the name which it shall bear analogous to the interest which the child has in its own services, which belong to the father, but which, if the father waives his right, furnish a good consideration for a promissory note given to the child by a person to whom they have been rendered. *Nightingale* v. *Withington*, 15 Mass. 272.

The right of the parents is one which they have as the natural guardians of the child, and they may be presumed to act in the matter for its interest. If, for exercising the right in a particular manner, they receive a reward which they recognize and treat as belonging to the child, it should be considered as its property, even if the parents could have kept the reward as their own.

In this case it is fair to say that in the transaction in which the original note was given the parents were acting for the child, and were understood by the defendant's testator to be so acting. The plaintiff has continued to bear the name, and has accepted the present note since he arrived at years of discretion, and he has further ratified the contract by bringing this suit since he became of age.

We are of opinion that there was a valid consideration for the note moving from the plaintiff himself.

It is unnecessary to consider whether the action could be maintained on any other ground.

*Exceptions overruled.*