EDWARD G. GARDNER *vs.* ARTHUR W. DENISON, administrator.

Suffolk. January 20, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Consideration, In writing. *Agency. Name. Evidence,* Extrinsic affecting writings. *Words,* "In trust for."

The performance of a promise, made by the father of a child expected to be born, to name the child, if a boy, for a certain person, is a good consideration moving from the child for a promise of that person to pay $10,000 for the child's benefit, and, if a boy is born and is named for the promisor and the promisor dies without making any provision for him, the father of the boy as his next friend may maintain an action in the boy's name against the executor of the will of the promisor upon the promise to pay the money. In such an action it is a question for the jury whether the father in promising to name the plaintiff for the defendant's testator and in performing that promise was acting as the plaintiff's agent, and the bringing of the action as the plaintiff's next friend is equivalent to an assertion that he acted wholly as such agent and claims no right to sue in his own name.

In an action against an executor upon an alleged contract of the defendant's testator to pay the plaintiff $10,000 in consideration of the performance of the plaintiff's promise, made in his behalf by his father, that the plaintiff should be named for such testator, where the plaintiff has put in evidence the writing, signed by the defendant's testator, "I . . . promis to place in trust for G's youngest son born Jan 1–1901 $10,000 for naming said son after me . . . ," the words "in trust for" in the absence of any explanation may be treated as being merely the expression of a general purpose to benefit the plaintiff, and, no promisee being named in the instrument, all the attendant circumstances may be considered for the purpose of determining as a fact to whom the promise to pay was made.

CONTRACT, against the executor of the will of Edward Gerrish, late of Cambridge, for $10,000, the declaration containing three counts as follows:

"Count 1. And the plaintiff says that on or about the 23d day of January, 1901, the defendant's testator, Edward Gerrish, made a promise to Joseph A. Gardner, father, and agent of, and acting for the plaintiff, that if the plaintiff, who was then an infant, should receive and bear the name of 'Edward Gerrish,' after the name of the said testator, he, the said Gerrish, now deceased, would pay over and deliver to the plaintiff the sum of ten thousand

($10,000.) dollars; that the plaintiff did receive and bear, and has always since borne said name of 'Edward Gerrish,' to wit: Edward Gerrish Gardner. Wherefore the defendant owes the plaintiff the sum of ten thousand ($10,000.) dollars with interest since said date.

"Count 2. And the plaintiff says that the defendant's testator made with him, through his father and agent, a contract in writing, a copy of which is hereto annexed marked 'A,' and the defendant owes the plaintiff ten thousand ($10,000.) dollars with interest since the date of said written instrument.

"Count 3. And the plaintiff says that the defendant's testator promised him, through his father and agent, acting for him, that he would see that he never wanted for anything and would do handsomely by him and give him a good education if he would receive and bear the name of Edward Gerrish, after the name of the defendant's testator; and the plaintiff did receive and bear and has always since borne the name of Edward Gerrish, to wit, — Edward Gerrish Gardner. Wherefore the defendant owes the plaintiff ten thousand ($10,000.) dollars."

The alleged contract marked "A," referred to in the second count, was signed by Edward Gerrish and with the exception of that signature is quoted in full in the opinion.

In the Superior Court the case was tried before *Hall,* J., who at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*G. H. Mellen,* (*J. L. P. St. Coeur* with him,) for the plaintiff.

*S. K. Hamilton,* (*T. Eaton* with him,) for the defendant.

RUGG, C. J. The facts upon which the plaintiff seeks to recover are these: His father, who was on friendly terms with the defendant's testator, Edward Gerrish, told the latter, in November, 1900, that the birth of a child was expected in his family. Gerrish, after several interviews, promised that if a boy should be born and named for him, Edward Gerrish Gardner, he would make some provision for the child. When the child was born, on January 1, 1901, he was named for the defendant's testator. On January 23, 1901, the plaintiff's father, at the request of Gerrish, wrote at the latter's dictation the following: "Jan. 23,—1901. I Edward Gerrish promis to place in trust for Joseph A. Gardner's

youngest son born Jan 1—1901 $10,000 for naming said son after me Edward Gerrish Gardner." No specific sum of money had been mentioned before. Gerrish then signed the paper in the presence of the plaintiff's father, who since has had the possession and control of it. Gerrish later lived in the family of the plaintiff's father and showed special attention to the child, bestowing many gifts upon him and constantly referring to him as "my boy." He died in 1906, leaving an estate of more than $200,000, never having made any provision for the benefit of the plaintiff.

The privilege of naming a child is a valid consideration for a promise to pay money. The child has a direct and immediate interest in his name and is more affected by it than any one else. He loses the opportunity of receiving a more advantageous name, and is compelled to bear whatever detriment may flow from the name imposed upon him. The consideration moves in part from the child, although he is not in a position personally to yield an assent to the promise at the time it is made. It is a general rule that one who is not a party to a contract cannot bring an action on it even though it be made for his benefit. But the circumstances of the parties respecting the naming of a child are so peculiar, the nearness of the relation so great, and the obligation resting on the father and mother so important, and the consequences to the child so vital, that the inference may be drawn that the father is acting in the interests of and as agent for the son in making any contract as to giving him a name. *Felton* v. *Dickinson,* 10 Mass. 287, as interpreted by *Marston* v. *Bigelow,* 150 Mass. 45, 53. It was said in *Eaton* v. *Libbey,* 165 Mass. 218, at page 220, respecting the naming of a child, "The right of the parents is one which they have as the natural guardians of the child, and they may be presumed to act in the matter for its interest. If, for exercising the right in a particular manner, they receive a reward which they recognize and treat as belonging to the child, it should be considered as its property, even if the parents could have kept the reward as their own."

This action is brought in the name of the son by his father as next friend. That is a relinquishment of the father's personal rights, as far as they ever might have been antagonistic to the son, and is equivalent to an assertion that whatever he did was done as agent for the son. The writing, signed by Gerrish, while

inartificially expressed, in substance is a declaration by the defendant's testator that he acknowledges himself indebted in the sum of $10,000 for the privilege granted him of having the plaintiff bear his name. The words "in trust for," in the absence of any definition of the terms of any trust, may be treated as meaning nothing more than the expression of a general purpose that the promise was for the benefit of the plaintiff. No promisee being named in the instrument, all the attendant conditions may be examined for the purpose of determining to whom in fact the promise to pay was made. Such resort to extrinsic circumstances is not for the purpose of changing the writing, but of applying it to its proper object. *Way* v. *Greer,* 196 Mass. 237. *Willett* v. *Smith,* 214 Mass. 494, 497 and cases cited. Under all the circumstances we are of opinion that the plaintiff was entitled to go to the jury.

*Exceptions sustained.*