BARBARA L. DOWNEY *vs.* UNION TRUST COMPANY OF SPRINGFIELD, executor.

Hampden.    May 28, 1942. — November 30, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Executor and Administrator,* Claim barred by short statute of limitations. *Equity Jurisdiction,* Claim barred by short statute of limitations. *Contract,* Implied, In behalf of child, Performance and breach, Parties. *Minor. Equity Pleading and Practice,* Master: findings, reopening of hearing; Report; Variance. *Evidence,* Admissions, Of value, Relevancy, Opinion. *Damages,* For breach of contract.

In a suit under G. L. (Ter. Ed.) c. 197, § 10, upon a claim against the estate of a deceased person which had not been prosecuted within the period of the short statute of limitations, a finding by a master, not based solely on his subsidiary findings, that the plaintiff was not guilty of culpable neglect in failing so to prosecute his claim, must stand since it was not inconsistent with a subsidiary finding that during that period the plaintiff had been represented by an experienced and respected member of the bar, upon whom he was justified in relying to

protect his rights, and there was no finding as to the reason for such failure, or that it was due to negligence of the attorney.

The making of an oral contract between a man and the mother of a young girl, acting for her benefit, in substance that he would bequeath an annuity in a certain sum to the girl if he were permitted to have the privilege of association with her, and performance by the girl of all that was required of her under the contract in accordance with directions given her by the mother in reliance upon the contract, entitled the girl, although she did not know of the contract until after the man's death, to recover the value of such services from the man's estate upon quantum meruit.

Ratification of a contract made by a parent of an unemancipated minor for his benefit was warranted by continued prosecution, after majority, of a suit, begun during minority, for services performed in reliance upon the contract.

In a proceeding against the estate of a decedent for the value of services rendered to him in reliance upon an oral contract to bequeath an annuity of a specified amount to the plaintiff, evidence of the cost of such an annuity for one of the plaintiff's age at the time of the decedent's death was admissible to show an admission by the decedent of what he considered such services worth although the value of the annuity was not the measure of damages.

To prove the existence of an oral contract by a man to make a provision in his will in consideration of services rendered to him, it was proper to admit evidence that the agreed provision was included in an unproved will made after the making of the alleged oral contract and prior to a will which was admitted to probate, it not appearing that issues, thereby opened, improperly drew attention from the real issue presented.

No error was shown in a master's reopening a hearing, at the request of one party but against the objection of the other, after both parties had rested and before arguments, but following a discussion of some questions of law regarding which the master expressed some concern.

No question of variance between the allegations of a bill in equity and the proof was open in this court upon a reservation and report only of other questions.

A plaintiff should not have been permitted to give an opinion of the value of his services based on the opinion of another.

On quantum meruit for services performed by the plaintiff, the measure of damages was solely the fair value of the services; damages should not have been assessed in whole or in part on the basis of evidence that the defendant was wealthy and well able to pay.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Hampden on March 13, 1939.

The suit was reserved and reported by *Qua,* J.

There was no exception to the master's report specifying a contention of variance. The contention of the defendant in his brief appears to be that the plaintiff's allegation in

her bill went no farther than to allege damages for the time during which the plaintiff lived with her grandmother; that on the master's report that time extended from the time the plaintiff was two years old until she first attended school, a period of approximately five years; but that the master in his assessment of damages calculated them on the whole period from the time when the plaintiff went to live with her grandmother up until the time of the testator's death, a period of approximately seventeen years: in other words, that the master in his findings found damages for a period in excess of three times as long as the period alleged in the plaintiff's bill of complaint.   The defendant also contended, on the question of the form of the final decree, that no decree should be entered upon these findings since an equity decree is founded upon the pleadings and the relief granted cannot go beyond them.   And the defendant cited *Pickard* v. *Clancy,* 225 Mass. 89, 95.

The case was submitted on briefs.

*C. V. D. Siegel & I. Salvage,* for the plaintiff.

*R. D. Mallary, M. P. Gilbert, & S. Williston,* for the defendant.

RONAN, J.   This is a bill in equity filed under G. L. (Ter. Ed.) c. 197, § 10, in which the plaintiff seeks a judgment against the estate of a deceased person upon a claim not prosecuted within the time limited by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, for the commencement of actions by creditors of the deceased. The suit came on to be heard by the single justice upon the original and supplementary reports of the master and was reserved and reported by him to the full court upon all questions of law arising from the defendant's exceptions to the master's reports, the plaintiff's exception to the said reports, the plaintiff's motion to confirm the reports and upon the form of the final decree which ought to be entered.

At the outset of the case, the right of the plaintiff upon the findings of the master to invoke the aid of the statute, G. L. (Ter. Ed.) c. 197, § 10, is challenged by the defendant.   This statute provides that a creditor of an estate who has not prosecuted his claim within the time limited

by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, may file a bill in equity in this court and if the court "deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person." It appears from the reports that the plaintiff and her mother in January, 1937, consulted an experienced and respected member of the bar, apprised him of all the facts relative to her claim against the estate and requested him to handle the matter for her. He said that he would do whatever was necessary to protect her rights, and thereafter appeared as her guardian ad litem in the Probate Court in different matters pertaining to the testator's will. He advised her at various times during 1938 that "she had to await her turn; not to worry, that her interests would be taken care of." She consulted another attorney in February, 1939, who, on March 13, 1939, filed the bill of complaint. The bond of the defendant as executor was approved on December 20, 1937. The master found that the plaintiff was justified in relying upon the attorney to protect her rights; that she acted with due diligence; that she was not chargeable with culpable neglect; and that justice and equity required that she be permitted to prosecute her claim. The defendant contends that these findings are insufficient to bring the case within the statute and more especially that the plaintiff is barred from relief on account of the negligence of her attorney.

The obvious purpose of the statute, G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, limiting the time within which creditors of an estate may bring actions to enforce their claims, was to expedite the settlement of estates, *Stebbins* v. *Scott,* 172 Mass. 356; *Henshaw* v. *Brown,* 299 Mass. 136; *Spaulding* v. *McConnell,* 307 Mass. 144; and a creditor whose claim is barred by this statute is not entitled to relief under G. L. (Ter. Ed.) c. 197, § 10, unless he shows a claim of such substantial merit that equity and justice require that its validity should be recognized, and unless he proves that his failure to commence action within

the time prescribed was not due to his carelessness or to any lack of diligence for which he might properly be censured or blamed. *Powow River National Bank* v. *Abbott,* 179 Mass. 336. *Estabrook* v. *Moulton,* 223 Mass. 359. *Johnson* v. *Clabburn,* 249 Mass. 216. *Haven* v. *Smith,* 250 Mass. 546. *Dietrick* v. *Hayward,* 304 Mass. 623. *Noyes* v. *Shea, ante,* 32.

The difficulty with the defendant's contentions is that the master has found that the plaintiff was not guilty of culpable neglect and he has not found that the failure to bring action was due to the negligence of the attorney. He has refrained from finding the specific reason, or in fact any reason, for such failure. It would have been within his province to have made such a finding. Nothing more in this respect appears from the reports than the bald fact that there was such failure, and even this appears by implication and not by express finding. The master may have believed, upon unreported evidence, that the attorney's failure was due to inadvertence, misunderstanding, illness or some cause other than neglect or breach of duty. The finding that the plaintiff was not chargeable with culpable neglect does not purport to be based upon the subsidiary findings, and it is not enough for the defendant to show that this finding could not be sustained if it depended entirely upon the subsidiary findings reported. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435. *Potter Press* v. *C. W. Potter, Inc.* 303 Mass. 485, 492. In any event, that finding is not inconsistent with the subsidiary findings and must stand. *Farrington* v. *Miller,* 225 Mass. 535. *Gray* v. *Dahl,* 297 Mass. 260. *Turner* v. *United Mineral Lands Corp.* 308 Mass. 531.

It has been settled by the finding of the master that the plaintiff was not chargeable with culpable neglect in not bringing action within one year of the approval of the defendant's bond as executor. We are also of opinion that, upon the facts found by the master, it cannot quite be said that the plaintiff had no interest whatever that in justice and equity she should be permitted to prosecute. *Morey* v. *American Loan & Trust Co.* 149 Mass. 253. See *Ewing*

v. *King,* 169 Mass. 97; *McMahon* v. *Miller,* 192 Mass. 241; *Farrington* v. *Miller,* 225 Mass. 535.

The master found that the plaintiff, an infant two years of age, was staying, in 1920, for a short time with her grandmother at whose home the testator was a frequent visitor. The testator told the plaintiff's mother that if she would allow the plaintiff to live with her grandmother where he could see her and permit her to go on trips with the grandmother and himself, he would bequeath an annuity of $1,500 to the plaintiff to become effective after a similar annuity that he had made for the grandmother. The plaintiff's mother accepted this proposal and the plaintiff lived with her grandmother until 1925 when, on account of the ill health of the grandmother and at the suggestion of the testator to the plaintiff's mother, the latter took the plaintiff home where she has since resided. At that time the testator again promised the plaintiff's mother that he would give the plaintiff the said annuity if the plaintiff would visit her grandmother on week-ends and accompany her grandmother and him on various trips. This the plaintiff did. After the death of the grandmother in 1931, the plaintiff visited the testator frequently at his store, corresponded with him and went riding with him. The testator told her and others that she would not have to work as he intended to leave her sufficient for her maintenance. Her mother told the plaintiff in 1930 to do what the testator requested as he had promised at his death that she "would receive sufficient so that she need never work." The plaintiff never learned of the promise of the annuity of $1,500 until after the testator's death. The master found that the testator made an oral contract with the plaintiff's mother, acting as agent of the plaintiff and for the benefit of the plaintiff, to bequeath the annuity; that the testator breached this contract and that services were rendered in reliance upon this contract, for which the plaintiff is entitled to recover either $31,500 or $36,500.

The plaintiff cannot recover upon the oral contract to make a testamentary provision for her as the defendant has set up the statute of frauds. G. L. (Ter. Ed.) c. 259,

§ 5. *Runyan* v. *Van Iderstine*, 230 Mass. 428. *Dixon* v. *Lamson*, 242 Mass. 129. But one who has rendered valuable services pursuant to an oral agreement, which cannot be enforced on account of the statute of frauds, may recover on a count for quantum meruit, and this remedy is allowed not as a means of avoiding indirectly the statute but in order to prevent the statute from being employed as an instrument of fraud by compelling the defendant to pay for what he has received by virtue of the express contract. *Kelley* v. *Thompson*, 181 Mass. 122. *Cromwell* v. *Norton*, 193 Mass. 291. *Donovan* v. *Walsh*, 238 Mass. 356. *Raine* v. *Shea*, 259 Mass. 412. *Rizzo* v. *Cunningham*, 303 Mass. 16.

The defendant has excepted to the master's finding that the services were rendered in reliance upon the contract, and contends that this finding was unsupported by the evidence and that as the services were not furnished in reliance upon the contract there can be no recovery. The defendant is not liable unless the services were performed with the intent that they should be paid for in accordance with the oral contract. *Butler* v. *Butler*, 225 Mass. 22. *Rizzo* v. *Cunningham*, 303 Mass. 16. *Silversmith* v. *Sydeman*, 305 Mass. 65. The evidence as to when the plaintiff first learned of the contract has been reported. It is plain from an examination of this evidence that the plaintiff herself did not rely upon this contract, because she never knew of such a contract until after the death of the testator. But it is also plain from the master's report that the promise of the testator to bequeath the annuity was accepted for the plaintiff by her mother and that the finding that the services were rendered in reliance upon the contract rests upon the testimony of the mother which, in substance, was that she caused the performance of the contract by the plaintiff and that, after she informed the plaintiff in 1930 of the testator's promise to take care of her in his will, the plaintiff rendered services in the belief that she was to be compensated. The question is whether reliance upon the contract by the mother alone may accrue to the advantage of her minor child who has, in accordance with the directions of her mother, performed all that was required of the

child under a contract made by the mother for the benefit of the child.

The general rule that one not a party to a contract made for his benefit may not sue upon it is subject to an exception that a minor may in some instances maintain an action upon a promise made to another for his benefit. A minor "may recover in his own name where a promise is made to a near relative of the child as the child's agent, for the benefit of the child, and upon a consideration which vitally affects the welfare and interest of the child himself, so that the consideration may be said to move in part from the child." *Green* v. *Green*, 298 Mass. 19, 22. *Eaton* v. *Libbey*, 165 Mass. 218. *Gardner* v. *Denison*, 217 Mass. 492. In all these cases, the minors, when the consideration was furnished, were, on account of their ages, obviously ignorant of any contracts and the only reliance upon the contracts was that of their parents. If the acceptance of a contract by a parent for the benefit of an infant child and its fulfillment by the child by doing under the directions of his parent whatever the contract required to be done, although the child did not then know of the contract, is sufficient to enable the child to recover under the contract, it is difficult to see why a similar acceptance and performance are not an adequate basis for recovery by the child upon the implied obligation of a defendant to pay for what he has requested and received, when the defendant repudiates the contract by setting up the statute of frauds. To hold otherwise would be to deny all relief to a minor who, for years after she first began to render services, was too young to have had any intent to charge therefor, and who, as she grew older and began to realize from what she had heard from her mother and from the testator that the latter expected to pay, continued to render services with the expectation that she was to be compensated; and would thus permit the testator to retain all the benefit which he bargained for with the minor's parent acting for her without his estate being compelled to make any payment to the minor. It is plain from the master's reports that the testator understood that the mother caused the plaintiff to render the

services as consideration under the contract and that in so doing the mother was relying upon his promise to leave an annuity to the plaintiff. The mother in accepting and causing performance of the contract was acting entirely for the benefit of the plaintiff who alone furnished the consideration. We are of opinion that, in these circumstances, the plaintiff may avail herself of her mother's reliance upon the contract and recover for her services.

Even though the plaintiff was unemancipated, both of her parents consented to the arrangement made with the testator. Ratification of the action of her mother in making the contract, if that was necessary, may be found in the fact that the plaintiff has continued to prosecute this suit, which was commenced a few months before she became twenty-one years old. *Eaton* v. *Libbey*, 165 Mass. 218. *Welch* v. *King*, 279 Mass. 445. *Dellamano* v. *Francis*, 308 Mass. 502.

The defendant contends that notice of the contract to the mother would not be notice to the plaintiff any more than notice to the parent would be sufficient to give the child an equitable interest in an oral trust of personalty. It relies upon *Boynton* v. *Gale*, 194 Mass. 320. But where notice to a cestui is required, we see no reason why such notice cannot be given to some person in his behalf. *O'Hara* v. *O'Hara*, 291 Mass. 75, 78. 1 Scott, Trusts, § 52. We are not dealing with interests arising from an oral trust. Here it has been found that the parent was acting as the agent for the minor in making a contract with another for the benefit of the minor.

There was no error in admitting evidence as to the cost of an annuity of $1,500 for one of the plaintiff's age at the time of the death of the testator. The plaintiff is not suing for damages for a breach of the oral contract, and the value of the annuity is not the measure of damages. *Spurr's Appeal*, 116 Conn. 108. *Southern* v. *Kittredge*, 85 N. H. 307. *Grantham* v. *Grantham*, 205 N. C. 363. *Lisk* v. *Sherman*, 25 Barb. S. C. 433. But the value of the annuity which the testator promised to give as the consideration for the services could be shown in evidence as an admission

of what the testator considered the services worth. *Chandler* v. *Baker*, 191 Mass. 579. *Clark* v. *United States*, 95 U. S. 539. *General Paint Corp.* v. *Kramer*, 68 Fed. (2d) 40. *Vanderhoef* v. *Parker Brothers Co. Ltd.* 267 Mich. 672. *Oxborough* v. *St. Martin*, 169 Minn. 72. *Emery* v. *Smith*, 46 N. H. 151. The accountant was properly permitted to state his opinion of the cost of the annuity as of the date of the death of the testator, as that was the time he promised to give it. *Morrissey* v. *Morrissey*, 180 Mass. 480. *Raine* v. *Shea*, 259 Mass. 412.

The will of the testator, which was probated after a motion for jury issues was held properly denied in *Union Trust Co. of Springfield* v. *Kittredge*, 298 Mass. 515, provided an annuity of $50 for five years for the plaintiff. The master, subject to the defendant's objections, admitted evidence that the testator had made a prior will containing a provision for an annuity of $1,500 for the plaintiff. The defendant urges that similar evidence was excluded in *Edwards* v. *Davis*, 198 Mass. 441. In that case the plaintiff, who was suing the estate of his father for board and care furnished to the father pursuant to an oral contract by which the father agreed to devise certain real estate to him, offered in evidence, as tending to prove the contract, the will of his father devising the real estate to him, but this will had been disallowed on the ground that the father was of unsound mind and that the will was procured by the undue influence of the plaintiff. The will was held to have been properly excluded because the issues on trial "would have been altogether submerged" (page 443), if it had been introduced in evidence. It is true that it was said that it may be doubted whether the will making the devise was evidence of a contract to devise and that if the will was found by the jury to have been in fact and in law the will of the father, it would be "of little or no value as evidence on the point on which alone it is relevant (if it is relevant on that point), namely, the existence of the contract relied on by the plaintiff" (page 444). The decision was right on the ground upon which it was put. We do not construe that decision as establishing the principle that in no case

is a provision in a will evidence of a contract between the testator and the testamentary beneficiary to make such provision. There is nothing in the record indicating that the evidence concerning the prior will opened up any wide range of collateral issues or that the master thereby lost sight of the real issues presented for his decision. A testamentary provision may be a gratuity or it may be the means for the satisfaction of a contractual obligation. *Frost* v. *Sumner*, 149 Mass. 98. *Clarke* v. *Treasurer & Receiver General*, 226 Mass. 301. *Hill* v. *Treasurer & Receiver General*, 227 Mass. 331. A provision in a will, which is made subsequently to an alleged agreement with another to devise or bequeath certain property to him and which is consistent with what it is claimed the testator agreed to do, may be considered, in accordance with the great weight of authority, as corroborative evidence of the existence of the agreement. *Naylor* v. *Shelton*, 102 Ark. 30. *Maddox* v. *Rowe*, 23 Ga. 431. *Paul* v. *Snyder*, 52 Ind. App. 291. *Taylor* v. *Taylor*, 79 Kans. 161. *Mussinon's Administrator* v. *Herrin*, 252 Ky. 495. *Hiatt* v. *Williams*, 72 Mo. 214. *Robinette* v. *Olsen*, 114 Neb. 728. *Lemire* v. *Haley*, 91 N. H. 357. *Robinson* v. *Raynor*, 28 N. Y. 494. *Burgess* v. *Burgess*, 109 Penn. St. 312. *Frizzell* v. *Frizzell*, 149 Va. 815. *McCullough* v. *McCullough*, 153 Wash. 625. *Rodman* v. *Rodman*, 112 Wis. 378. *Estate of McLean*, 219 Wis. 222. *Jefferson* v. *Simpson*, 83 W. Va. 274.

The master, at the conclusion of the evidence, discussed informally with counsel certain questions of law regarding which he expressed some concern. Sometime later, but before the arguments began, he reopened the hearing, at the request of the plaintiff and against the objection of the defendant, for the reception of any evidence that either party might desire to introduce. The defendant did not introduce any evidence at either hearing. The defendant contends that the additional evidence presented at the second hearing by witnesses who had already testified at the first hearing was introduced for the purpose of meeting some of those questions of law that the master had raised at the discussion with counsel. When the master referred to these

legal propositions the evidence was closed and he apparently desired counsel to deal with them in their arguments. It would have been better, when the request for the reopening of the hearing was made, if the master had required the plaintiff's counsel to state the character and materiality of the evidence that he proposed to offer and the reason it had not been produced. But the master was not required to take this step if he was otherwise convinced that the request ought to be allowed. The master was familiar with all the details and the course of the hearing. He had observed the plaintiff and her witnesses. He was in a better position than we who must rely upon the record alone to determine the merits of the request to reopen the hearing. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. *Farrell* v. *Matchett*, 310 Mass. 87. We cannot say that his decision was an abuse of discretion. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391. *Bon* v. *Graves*, 216 Mass. 444. *W. B. Manuf. Co.* v. *Rubenstein*, 236 Mass. 215. *Carr* v. *Streeter*, 262 Mass. 595. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447. *Pothier* v. *Doucette*, 276 Mass. 326. See *West* v. *Platt*, 124 Mass. 353; *Noyes* v. *Noyes*, 224 Mass. 125.

The question of variance between the allegations and proof is not open, *Alfred J. Silberstein Inc.* v. *Nash*, 298 Mass. 170, but if it were we do not intimate that there was error. *Dangelo* v. *Farina*, 310 Mass. 758.

There remains the question of damages.

The eighth and ninth exceptions are to rulings of the master permitting the plaintiff to testify to the fair market value of her services and, at the close of the evidence, refusing to strike out her opinion of such value. Although it is not too clear from the four reports of the master that a proper basis was laid for these exceptions before the master, yet we assume, without deciding, that these exceptions are before us since the suit must be further heard on the assessment of damages, as will hereafter appear in this opinion, and the question will probably arise at that hearing. The plaintiff's opinion appears to have been to a great extent based upon information received from her mother that the

testator had promised her an annuity of $1,500. What weight, if any, should be attributed to the alleged opinion of the testator was not for her but was for the trier of fact. She had no right to rest her opinion upon the opinion of another in evaluating her services. *Fairbanks* v. *Fitchburg,* 110 Mass. 224. *Hunt* v. *Boston,* 152 Mass. 168, 171. *Maher* v. *Commonwealth,* 291 Mass. 343, 348.

The master has stated in a somewhat condensed form the evidence upon which he based his alternative findings of $36,500 and $31,500. These findings are to be reviewed in the light of this evidence, but they are not to be set aside unless they are plainly wrong. *Goodell* v. *Goodell,* 173 Mass. 140, 146. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 490. The ascertainment of the fair market value of services so unusual in nature and so uncommon in ordinary experience is doubtless a matter of some difficulty, but the problem lies primarily in the domain of fact and its solution must to a large extent be left to the good sense, practical wisdom and sound judgment of the trier of fact, mindful of the evidence and guided by the correct principles of law. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. *Cross* v. *Sharaffa,* 281 Mass. 329. *Palma* v. *Racz,* 302 Mass. 249. *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210.

The plaintiff sought compensation for services from the summer of 1920 to January, 1937. She was only seven years old when, in 1925, she left her grandmother's home after a stay of five years and finally returned to her own home. Leaving her with her grandmother might have deprived her of the natural and normal advantages that a young child receives while living with her parents and her brothers and sisters and might have vitally affected her interests. *Green* v. *Green,* 298 Mass. 19. But living at a house where the testator frequently saw her and accompanying him and her grandmother on such trips as an infant could make were all that the plaintiff did up to 1925. She was a school girl thirteen years of age when her grandmother died in 1931. Her total activities from 1925 to 1931, in so far as the testator was concerned, consisted of visiting her grandmother on week-ends and going with her and the

testator on various trips. From 1931 to the death of the testator she made frequent visits to his store, and permitted him to supervise and criticize her school work, to make several small gifts, and in other ways to show his affection for her. The burden was upon her to show the fair worth of what she did. One finding of the master gives her an award which, apportioned over the entire period from the summer of 1920 until the death of the testator, would average almost $2,000 a year, while another finding would average nearly $2,200 a year, although the plaintiff was either an infant or a pupil attending the public schools during the period in question. These amounts were more than double what the plaintiff testified she was earning for full time employment at the time of the hearing before the master. The present petition, although in equity as it must be under the statute, G. L. (Ter. Ed.) c. 197, § 10, embodies what is substantially a count in quantum meruit and the amount of recovery is the same as it would be in an action at law upon such a count. Even though we do not have a definite and itemized statement of the time spent by the plaintiff in doing what she did for the testator, yet the nature and character of all the various services that the master found she rendered are enumerated in his reports. Their worth was to be determined by no other standard than that of fair market value. It is, to say the least, difficult to perceive any rational basis for a finding of $36,500 or $31,500 if the standard prescribed by the law be applied in evaluating her services. We do not discuss further this aspect of the case because, for reasons presently to be stated, there must be a reassessment of damages.

The inventory of the testator's estate amounted to approximately $400,000. The reported evidence shows that the master in computing the amount that he thought the plaintiff was entitled to recover based his awards upon certain evidence including that showing that the testator "was a man of considerable means and well able to afford to pay." The natural and probable result of giving any weight to this evidence was to enhance the awards. On whatever ground the inventory was admitted in evidence,

it had no probative effect to increase the amount for which the defendant was liable. The plaintiff was seeking compensation for her services, and on that issue the size of the estate was immaterial. The measure of liability was the worth of her services and not the ability of the defendant's testator to pay. There was error in assessing the damages. *Mizula* v. *Sawyer*, 130 Maine, 428. *Schwab* v. *Pierro*, 43 Minn. 520. *Dziedzic* v. *Newmarket Manuf. Co.* 82 N. H. 472. *Collier* v. *Rutledge*, 136 N. Y. 621. *Laidlaw* v. *Sage*, 158 N. Y. 73. *Walsh* v. *Frankenthaler*, 186 App. Div. (N. Y.) 62. The principle that the wealth or poverty of the parties is not to be considered in the assessment of compensatory damages has frequently been recognized in our own decisions, and the finding or verdict has been set aside whenever it appeared to be affected by a consideration of the pecuniary condition of the parties. *Shaw* v. *Boston & Worcester Railroad*, 8 Gray, 45. *Luiz* v. *Falvey*, 228 Mass. 253. *London* v. *Bay State Street Railway*, 231 Mass. 480, 485, 486. *Cushing* v. *Jolles*, 292 Mass. 72. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535.

Compensatory damages assessed in whole or in part on any theory that the defendant's testator was wealthy and well able to pay are excessive. The sixteenth and seventeenth exceptions, which attack each of the alternative awards on the ground that it is excessive, must be sustained. All the evidence relating to damages has not been reported. All we have is a résumé of that portion of the evidence containing the facts upon which the master made these alternative findings. It is a little more than a summary and is so lacking in essential details as not to warrant us in attempting to fix the damages.

We find nothing in the other exceptions to the reports of the master that calls for further discussion.

An interlocutory decree is to be entered overruling the plaintiff's exception to the exclusion of evidence concerning the mental condition of the attorney whom the plaintiff first employed, as that has become immaterial, and overruling all the defendant's exceptions except those numbered sixteen and seventeen, above referred to. The reports as

so modified are to be confirmed. The case is remanded to the county court for a reassessment of damages. *Haven* v. *County Commissioners of Essex*, 155 Mass. 467. *Pickard* v. *Clancy*, 225 Mass. 89. *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 435. *New England Mica Co.* v. *Waltham Factories, Inc.* 301 Mass. 56.

*Ordered accordingly.*