Rowe, J.
In this action of contract the question is presented as to whether the action of the trial judge in overruling the defendant’s demurrer to the plaintiff’s declaration was correct.
The plaintiff’s declaration read as follows: “The plaintiff says that the defendant’s son seriously injured the eyes of the son of the plaintiff and that the defendant promised the plaintiff that in consideration of her securing medical attention for said son that the defendant would pay and reimburse her for all bills incurred by the plaintiff for said medical attention and the plaintiff did incur bills for such medical attention, and the defendant refused to pay or reimburse her for the same, all to her great damage.”
The defendant demurred to the declaration, alleging failure to state a cause of action and lack of consideration. We think that the action of the trial judge in overruling the demurrer was correct.
*192 The defendant contends that, at best, the declaration alleged a promise to make a gift.
If, at the time of the promise, the medical expenses had already been incurred by the plaintiff, the defendant’s promise would be a mere gratuity such as is argued by the defendant. Widiman v. Brown, 47 N. W. (Mich.) 231, 232. The consideration would have been a past consideration and the defendant’s subsequent promise to pay for the expenses incurred could not have been enforced at law since that promise could rise no higher than a moral obligation without other consideration to support it. Mills v. Wyman, 3 Pick. 207. But that is not the situation in the case at bar as the expenses here were incurred subsequent to the promise, as we construe the declaration.
In Forsythe v. Rexrost, 27 S. W. (2) (Ky.) 695 the defendant’s son ran into the plaintiff while the son was riding a bicycle. The defendant promised to pay her medical bills resulting from the injury. The court said at page 698 that “the defendant as an original undertaking, according to the admission in the petition, directed the plaintiff to incur the expenses sought to be recovered. When she did so it became an executed -contract so far as she was concerned and one from which he cannot escape. Thus it is said in 13 C. J. 364 ‘If one incurs legal liability at the request of another, such liability is a sufficient consideration to support a promise of the person at whose request it is incurred. Likewise if one pays money at another’s request such act will afford a consideration.’ Upon this principle the plaintiff was entitled to recover, even though the argument respecting the absence of any legal liability on the defendant’s part for the tort of his son and consequent failure of alleging a consideration for the compromise, should be sustained.”
*193 In Medberry v. Olcovich, 60 P. (2) (Cali.) 281 it was held that the promise of the father of a minor automobile owner to pay reasonable value of medical expense necessarily incurred by the father of a minor guest for injuries sustained in an accident, who incurred expenses on the promise, was a sufficient consideration.
In Gardner v. Denison, 217 Mass. 492 the defendant was held to his promise for the privilege of naming a child after the promissor.
We think the plaintiff’s declaration sufficiently alleges a consideration and that the report should be dismissed. So ordered.