JOHN J. D'AMBROSIO[1] & others[2] *vs.* ANTHONY R. RIZZO, executor. August 26, 1981. The defendant appeals from the judgment entered following the denials of his motions to dismiss, for a directed verdict, and for judgment notwithstanding the verdict, Mass.R.Civ.P. 12(b)(6) and 50, 365 Mass. 755 and 814 (1974), in an action in quantum meruit brought against him as the executor of the estate of John J. D'Ambrosio. The action sought recovery for the service performed by the plaintiff parents at the testator's request and on his oral promise that when he died he would leave his house to the plaintiff son if the baby were given the testator's name at birth. There was no error.

1. The plaintiffs' action in quantum meruit is not barred by the Statute of Frauds (G. L. c. 259, § 5). *Shopneck* v. *Rosenbloom*, 326 Mass. 81, 84 (1950). *Green* v. *Richmond*, 369 Mass. 47, 49-50 (1975). *Hastoupis* v. *Gargas*, 9 Mass. App. Ct. 27, 28 (1980). The evidence was sufficient to warrant a jury finding that the plaintiff parents named their son after the decedent in reliance on his promise that, if they did, he would leave his house to his namesake. The naming of a child is a right and a privilege belonging to the child's parents. *Eaton* v. *Libbey*, 165 Mass. 218, 220 (1896). *Gardner* v. *Denison*, 217 Mass. 492, 494 (1914). The plaintiff parents waived their right to give the child the name they favored (i.e., Joseph) in exchange for the value that the decedent set upon the benefit that would accrue to him if instead the child were named for him. Having performed the bargained for act, the plaintiffs are entitled to recover the fair value of their service, and it is irrelevant that is has no

---

[1] By Joseph D'Ambrosio, his father and next friend.

[2] Joseph D'Ambrosio and Gloria D'Ambrosio, parents of the plaintiff John J. D'Ambrosio.

.

known fair market value. In such a case, the fact finder is assisted by evidence of the value placed on the benefit by the decedent. *Green* v. *Richmond*, 369 Mass. at 49, 56. *Hastoupis* v. *Gargas*, 9 Mass. App. Ct. at 36-37.

2. The defendant has made no argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), concerning the exclusion of the decedent's notebook from evidence, and we deem that issue waived. *Edinburg* v. *Merry*, 11 Mass. App. Ct. 775, 779 (1981).

*Judgment affirmed.*

*William H. Sheehan, III,* for the defendant.
*George O. Gregson* for the plaintiffs.