Zobel, J.
This probate matter is before the Court on Plaintiff’s motion for summary judgment, Mass.R.Civ.P. 56. The following material facts are undisputed:
Plaintiff and the late Robert Porthouse shared business and real estate interests; they were co-makers on two mortgage notes unpaid at the time of Porthouse’s death. Plaintiff now seeks proceeds from the Port-house estate’s sale of real estate she held jointly with Porthouse. Defendant has refused to honor Plaintiffs claims, asserting a statutory time-bar defense. In addition, Defendant has counterclaimed for conversion and contractual breach.
A statute, G.L.c. 197, §§9, 10, controls this dispute, because Plaintiff asserts a claim against the estate accruing within one year of death. Notwithstanding Plaintiffs contrary contention, G.L.c. 197, §13 does not apply; that section pertains to claims accruing more than one year after death.
Although Plaintiffs claim would strand on the requirement that a creditor of the estate must meet the one-year deadline, an escape is available, provided Plaintiff was not guilty of culpable neglect, G.L.c. 197, §10.
Despite disharmonious definitional authority, Plaintiff appears to qualify. Having entrusted the matter to her attorney, who assured her that her interests were protected, she justifiably relied upon his expertise and the implied assurance that he would pursue her claim against the estate, Downey v. Union Trust Co. of Springfield, 312 Mass. 405, 408-09 (1982). Moreover, the summary judgment record demonstrates that the conduct of Plaintiffs attorney, although far from exemplary, did not amount to callous disregard of professional responsibilities, Hastoupis v. Gargas, 9 Mass.App.Ct. 27, 32-34 (1980). Whether the absence of culpability is a matter of law, at the very least, Plaintiff is entitled to a trial on the issue.
More substantively, Plaintiffs exhibits clearly establish her collateral agreement with Porthouse vis a vis the two promissory notes whereby Porthouse assumed full responsibility for the $83,500 note (Slade loan) and one-third of another $60,000 note (Warwick loan). A document prepared and signed by Porthouse on July 8, 1993 memorializes this understanding. As no other issues remain concerning the execution of the notes and the collateral agreement, partial summary judgment in Plaintiffs favor is appropriate.
Plaintiff, however, is not entitled to summary judgment on Defendant’s counterclaims for conversion and contractual breach, as the summary judgment record leaves in dispute essential elements of each claim.
ORDER
Accordingly, it is Ordered that Plaintiffs Motion for Summary Judgment be, and the same hereby is, Allowed with respect to the execution of the notes and the collateral agreement, and in all other respects. Denied; and it is
Further Ordered, that Plaintiff/Defendant-in-Counterclaim’s Motion for Summary Judgment be, and the same hereby is, Denied.