Curran, Dennis J.,J.
Ms. Gilda Rupprecht has sued the estate of Mr. Vincent Tamburino for constructive trust in a burial plot, breaches of contract, quantum meruit, and unjust enrichment.[1] Ms. Rupprecht, the long-time companion of Mr. Tamburino, filed this lawsuit when she discovered, after his death, that he had not named her in his will. Ms. Stephanie Rae is Mr. Tamburino’s daughter, who was appointed in his will as his executrix.
The defendant estate has filed a motion for summary judgment which asserts that: (1) the claim for an interest in the burial plot is barred by the statute of frauds (G.L.c. 259, §1); (2) the breaches of contract and their derivative quantum meruit and unjust enrichment claims fail either because no contract ever existed, or because an unwritten agreement to leave a bequest is barred by the statute of frauds, G.L.c. 259, §5A.
After reviewing the summary judgment record and a hearing, the defendant estate’s motion has been ALLOWED for the following reasons.
BACKGROUND
The summary judgment record reveals the following undisputed facts.
Vincent Tamburino died in June 2010. His daughter, Stephanie Rae, is the executrix of his estate. Mr. Tamburino founded Hillcrest Construction Corporation (Hillcrest) which, at the time of his death, owned among other things, a 51-unit apartment building in Waltham as well as several other parcels of real estate and houses.
Ms. Rupprecht began working for Hillcrest Construction in 1967. She and Mr. Tamburino then developed a romantic relationship which lasted for 45 years. Over the years, they discussed the prospect of marriage, but never did so.
Ms. Rupprecht was a salaried employee of Hillcrest Construction from 1967 until she was laid off in June 1982. For part of her time at Hillcrest Construction, she also worked as a sales manager for Hillcrest Associates, its real estate arm, for which she earned sales commissions. Between 1982 and 1984, she worked elsewhere, but also worked some evenings to perform bookkeeping and accounting services for Hill-crest until someone else was hired.
Mr. Tamburino owned all of Hillcrest’s shares, and Ms. Rupprecht never received any stock certificates or *194 otherwise obtained any ownership. Though she worked for it, she never made any monetary capital contributions. In the early 1970s, Ms. Rupprecht and Mr. Tamburino had a conversation, during which he told her, “I need your help, I depend on you. We will do this together. We are a partner [sic]. And we will share in the business.”
Ms. Rupprecht understood that if she died before Mr. Tamburino, her estate would have no claim to her purported interest in the company; conversely, she believed that if he predeceased her, she would. However, the parties agree that no signed writing of this claimed agreement ever existed.[2]
Ms. Rupprecht helped manage Mr. Tamburino’s health, particularly in the final three years of his life: she gave him his medicine, watched his diet, prepared his meals, oversaw his routine medical needs, assisted him with his hygiene and helped groom him. There was no written agreement regarding these services.[3]
After Mr. Tamburino died, his daughter, Ms. Rae, bought two adjoining burial plots, one for him and offered the second to Ms. Rupprecht. The lots were bought with funds from the estate, with neither the knowledge nor at the request of Ms. Rupprecht. No written documents ever memorialized the intention of Ms. Rupprecht and Mr. Tamburino to be buried together.
DISCUSSION
I.Standard of Review
A motion for summary judgment will be granted where, viewing the evidence in the light most favorable to the non-moving parly, all material facts have been established, and the moving pariy is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cabot Corp. v. AVXCorp., 448 Mass. 629, 636-37 (2007). The moving party may satisfy their burden of demonstrating the absence of a triable issue either by submitting evidence that negates an essential element of the opposing patty's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of the case at trial. Pettrell v. Shaw, 453 Mass. 377, 381 (2009).
II.Count II—The Burial Plot
Ms. Rupprecht has alleged that Ms. Rae purchased two adjoining burial plots with the agreement that one would be for the decedent and the other for her. She asks this Court to impose a constructive trust in the burial plot or order specific performance to compel Ms. Rae to convey the burial plot to her. This Court declines to do so, because Ms. Rupprecht cannot show any such claim as a matter of law.
Ms. Rupprecht has offered no facts to show she bargained for an interest in the burial plot or offered any consideration for the plot. There is no evidence resembling a contract or agreement regarding the plot, and even if there had been one demonstrated, her claim fails as a matter of law under the statute of frauds. The statute of frauds provides that no action may be brought to enforce a contract for the sale of lands, or any interest in such land, unless the contract is in writing and signed by the person sought to be charged. G.L.c. 259, §1. It is undisputed that no writing ever existed that promised Ms. Rupprecht an interest in the burial plot and thus, her claim fails. The defendant is entitled to judgment as a matter of law.
Ms. Rae bought two burial plots with money from the estate without Ms. Rupprecht’s knowledge. The latter only learned of the purchase after the fact when she was informed by Ms. Rae that one of the two plots was meant to be for her. Even if this Court considers the offer to be a promise by Ms. Rae that Ms. Rupprecht could use the burial plot, it is not enforceable as a matter of law; no consideration was given by Ms. Rupprecht in exchange for the promise and she took no action or inaction to her detriment to which she was legally entitled. Further, there was no indication of any fraud, deceit, or wrongdoing on the part of Ms. Rae to create a constructive trust. Without fraud or wrongdoing on the part of Ms. Rae in obtaining the plot or making the promise to Ms. Rupprecht, the only claim that could give rise to a remedy of constructive trust would be one of unjust enrichment, which Ms. Rupprecht has also failed to demonstrate. Sutton v. Valois, 66 Mass.App.Ct. 258, 267 (2006).
III.Counts III and IV—Health Care Needs
In Counts III and IV of the second amended complaint, Ms. Rupprecht seeks to be paid for helping Mr. Tamburino with his health care needs. She claims that she is owed monies for a breach of contract, yet the facts elicited from Ms. Rupprecht’s own deposition make it clear that no implied or express contract ever existed in this regard.
For a breach of contract claim to survive, there must be a set of facts alleged that an express or implied contract had been created, yet Ms. Rupprecht has repeatedly admitted that the health care services she provided were done without demand or request for compensation.[4] Ms. Rupprecht testified vaguely that she expected she would be “taken care of’ upon Mr. Tamburino’s death.[5] But the law makes clear that a plaintiff cannot recover simply upon the oral contract to make a testamentary provision when the defendant has raised the defense of statute of frauds. Downey v. Union Trust Co. of Springfield, 312 Mass. 405, 410 (1942).
The couple exchanged gifts throughout their many years together; for example, Mr. Tamburino paid for Ms. Rupprecht’s health insurance. Her own testimony, however, reveals that she did not believe or expect that this was done in exchange for consideration. With no contract between the parties and no expectation of a contract, there was no breach; and thus, her claim on that account must also fall short.
*195 Alternatively, Ms. Rupprecht seeks quantum meruit for the benefit of her health care services absent a breach of contract. Her claim fails for much the same reason as her breach of contract claim. “Quantum meruit is a theory of recovery, not a cause of action. It is a claim independent of an assertion for damages under the contract although both claims have as a common basis the contract itself. Recovery under this theory is derived from the principles of equity and fairness and is allowed where there is substantial performance but not full completion of the contract.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986).
The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other. Salomon v. Terra, 394 Mass. 857, 859 (1985). Thus, in order for this case to give rise to a claim of quantum meruit, there must be an implied contract and a reasonable expectation of compensation. Ms. Rupprecht made it quite clear in her deposition that this expectation existed neither in her mind, nor in the eyes of Mr. Tamburino. See Northrup v. Brigham, 63 Mass.App.Ct. 362 (2005);[6] Mangsen v. Costa, 2009 WL 1082377 (Mass.Sup.Ct. 2009) [25 Mass. L. Rptr. 382], Her testimony demonstrated her actions were not in reliance on any promise for compensation, but rather, were part of her relationship with Mr. Tamburino. While she hoped or expected to be taken care of in his will, she took no additional action to her detriment in reliance on that fact that would rise to the level of unjust enrichment for which quantum meruit could be awarded.
With no express contract for health care services, Ms. Rupprecht’s claim for breach of contract cannot survive. In a similar vein, with no evidence of an implied contract or reasonable expectation that resulted in an unjust enrichment, her claim for quantum meruit also fails.
IV. Counts V and VI—Hillcrest Construction Corporation
In counts V and VI of her complaint, Ms. Rupprecht alleges breach of contract and unjust enrichment arising out of the work she did for Hillcrest Construction, based on the fact that she was not given a promised ownership interest in it in Mr. Tamburino’s will. While she asserts facts to show that she was valuable to Hillcrest Construction, her present claims must be examined against the backdrop of statute of frauds requirements.
Ms. Rupprecht’s claim for breach of contract arises out of a conversation she had with Mr. Tamburino in which he indicated they would be partners and share equally in Hillcrest. While it is theoretically possible this could have been an oral contract or promise that induced certain behavior on Ms. Rupprecht’s part, this conversation occurred in the early 1970s, and in the intervening three decades, Ms. Rupprecht made no attempt to pursue a breach of contract claim. She has made it clear from her complaint and testimony that she believed it to be a contract that was to be satisfied with a bequest by Mr. Tamburino. Assuming this to be the case, this is a contract to be fulfilled with a bequest upon Mr. Tamburino’s death, and as such, is barred by the statute of frauds. G.L.c. 259, §5A. A plaintiff cannot recover upon an oral contract to leave a testamentary provision in the face of the statute of frauds. Downey v. Union Trust Co. of Springfield, 312 Mass, at 410.
The statute of frauds regarding bequests, appearing at G.L.c. 259, §5A, states in relevant part:
No agreement to make a will of real or personal property or codicil thereto or to make a bequest or devise, or to revoke or not to revoke a will, codicil, bequest or devise, or to refrain from making a will, codicil, bequest or devise or any other agreement relative to making or not making a will, codicil, bequest or devise, shall be binding unless such agreement is in writing and signed by the person whose executor or administrator is sought to be charged, or by some person duly authorized thereunto by him in writing.
The breach of contract claim for an interest in Hillcrest Construction is barred by this statute because Ms. Rupprecht has alleged no facts that Mr. Tamburino’s promise was anything other than an agreement to make a bequest. There is no evidence that this agreement was ever put into a writing either signed by Mr. Tamburino or a person authorized to sign on his behalf.
Ms. Rupprecht’s final claim is one for unjust enrichment for services she rendered to Hillcrest Construction again arising out of Mr. Tamburino’s failure to leave her such a bequest. As with the ownership interest claim, any underlying contract claim is barred by the statute of frauds G.L.c. 259, §5A, yet the analysis must go a bit further in considering whether Mr. Tamburino or Hillcrest Construction was unjustly enriched through the actions of Ms. Rupprecht induced by a promise of a bequest.
As discussed above, the basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other. Salomon v. Terra, 394 Mass, at 859. The claim hinges on the reasonable expectations of the parties and whether an injustice occurred. The facts here do not support a claim of unjust enrichment.
It is undisputed that while Ms. Rupprecht was employed of Hillcrest Construction, she received a full-time salary and sales commissions. She claims that she rendered services to Hillcrest that went unpaid, but she did receive a salary and other compensation and also had the opportunity to bargain for additional monies. There is no evidence that at the time she conducted her various jobs at Hillcrest, she *196 expected additional compensation, and nothing has been presented to indicate Mr. Tamburino should have been aware of her expectation for additional compensation. Hillcrest was not unjustly enriched by her conduct, and she took no additional action that would unjustly cause her to sustain a detriment which could be attributed to a general expectation that she would be taken care of by a bequest.
Ms. Rupprecht’s claim for unjust enrichment cannot be maintained as a matter of law.
ORDER
For these reasons, the defendant Stephanie Rae, executrix of the estate of Vincent Tamburino’s motion for summary judgment must be ALLOWED. An amended judgment shall enter for the defendant Stephanie Rae with costs forthwith.

Ms. Rupprecht’s original complaint contained thirteen counts, four of which were against Hillcrest Corporation and nine against Ms. Stephanie Rae, individually, and as executrix of the estate of Mr. Tamburino’s estate. The defendant estate moved to dismiss the complaint, which was allowed on various grounds; however, in so ruling, the Court permitted Ms. Rupprecht leave to file an amended complaint. At issue presently are counts II through VI of the plaintiffs second amended complaint, count I having been resolved between the parties. Those five live counts are Count II (constructive trust as to the burial plot), Count III (breach of contract as to personal services for health care assistance), Count IV (quantum meruit], Count V (breach of contract for an interest in Hillcrest) and Count VI (unjust enrichment).

It is disputed whether any writing existed that noted Mr. Tamburino’s promise to leave a bequest, but this writing has neither been found nor produced, but if it did exist, it is undisputed that it was never signed by Mr. Tamburino.

It is disputed whether any agreement for services existed, or were performed gratuitously, but regardless, any alleged agreement was never put in writing.

When questioned about the services provided by her to Mr. Tamburino, Ms. Rupprecht answered affirmatively to a number of questions asking whether she helped him with his health care needs without expecting or demanding compensation. (Deposition of Gilda J. Rupprecht, pages 46-49.)

This expectation, as discussed in more detail in the section covering Claims V and VI below, cannot give rise to a breach of contract claim for recovery because it is barred by the statute of frauds. See G.L.c. 259, §5A.

In the Northrup case, the decedent had specifically requested that the plaintiff give up her other activities and live with him full time in exchange for a bequest. The present case is distinguishable, because no facts have been presented that Ms. Rupprecht took on the decedent’s health care needs or took any other action to her detriment in reliance on the promise of a bequest.